■ Singer Company, Appellant-Respondent, v. Alka Knitting Mills, Inc., Respondent-Appellant, et al., Defendant.— In an action *inter alia* to recover from defendant Alka Knitting Mills, Inc. a balance allegedly due for a knitting machine sold and delivered, plaintiff and said defendant appeal from separate portions of an order of the Supreme Court, Kings County, dated November 6, 1972, namely, (1) plaintiff appeals, as limited by its notice of appeal and its brief, from so much of the order as (a) denied its motion to dismiss said defendant's affirmative defense, offset and counterclaim (CPLR 3211, subd. [a], pars. 1, 6), (b) in nevertheless further providing that said defendant's counterclaim is dismissed, did so without prejudice to said defendant's right to plead the counterclaim in the event plaintiff were to serve an amended complaint, but also without prejudice to plaintiff's right to move to dismiss such repleaded counterclaim, and (c) dismissed the complaint as insufficient in law; and (2) said defendant cross-appeals from so much of the order as dismissed its counterclaim. Order modified, on the law, (1) by striking therefrom the first two decretal paragraphs, which denied plaintiff's motion and dismissed the complaint; and (2) by striking from the fourth decretal paragraph thereof all the words after the provision that the counterclaim is "dismissed" and adding, immediately after said word "dismissed", the following: "and plaintiff's motion with respect to the affirmative pleading of Alka Knitting Mills, Inc. as a defense and offset is denied, with leave to said defendant to serve an amended answer setting forth, solely as a defense and offset, the matter set forth in its present answer as a defense, offset and counterclaim." As so modified, order affirmed insofar as appealed from, with $20 costs and disbursements to plaintiff. The amended answer, if any, shall be served within 20 days after entry of the order to be made hereon. Plaintiff sold two used knitting machines to defendant Alka Knitting Mills, Inc., pursuant to an express written conditional sales contract. Plaintiff delivered only one machine and, upon Alka's default in payment of the purchase price, plaintiff instituted this action, in quasi contract, to recover the price *quantum valebant*, alleging, as the reasonable value of the single machine, the price contained in the express contract under which Alka is in default. Alka's answer pleaded a general denial and, as an "affirmative defense, offset and counterclaim", a substantial breach of contract, seeking consequential damages for nondelivery of the second machine. In our opinion, the complaint states a cause of action and should not have been dismissed as insufficient in law. Although plaintiff entered into an express contract, it is not precluded from recovery on the theory of quasi contract or contract implied in law (*Miller* v. *Schloss*, 218 N. Y. 400, 406–408; *Adams & Co. Real Estate* v. *E. & B. Super Markets*, 26 A D 2d 365). An action upon this theory does not operate to deprive Alka of any defenses it might have arising out of the express contract and plaintiff's breach thereof (2 Williston, Sales [rev. 1948], § 460, pp. 725–727). As stated in the cited work (*id.*, p. 727), "As the buyer's obligation is imposed by law, the extent

of it should be restricted to the benefit [if any] which the defendant has received " (Uniform Commercial Code, § 2-601; see, also, id., § 2-711). Further, plaintiff's motion to dismiss Alka's counterclaim should have been granted absolutely. Alka has at all times affirmed the contract and taken the position that plaintiff had substantially breached its obligations thereunder. Paragraphs 14 and 15 of the express contract clearly absolve plaintiff from any liability for consequential damages (see, also, Uniform Commercial Code, § 2-719, subd. [3]). It follows that Alka's counterclaim should have been dismissed for failure to state a cause of action. However, since the counterclaim was pleaded in such a way as to be mingled with the defense and offset to the action, Alka should be given an opportunity to replead its defense and offset in an amended answer in accordance with the pleading rules contained in CPLR 3014. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.