HERMAN GROSS, Individually and as a Stockholder of Continued Care Facilities, Inc., on His Own Behalf and on Behalf of All Other Stockholders, Similarly Situated, Appellant-Respondent, v CARL H. NEUMAN et al., Respondents-Appellants, and CONTINUED CARE FACILITIES, INC., Respondent.

First Department, June 24, 1976

*Arthur L. Liman* of counsel *(Jay L. Himes, Edward L. Sadowsky* and *Steven A. Herman* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison* and *Tenzer, Greenblatt, Fallon & Kaplan,* attorneys), for appellant-respondent.

*Joseph Zuckerman* of counsel *(Rosenman, Colin, Freund, Lewis & Cohen,* attorneys), for defendants-respondents-appellants.

*Edward Labaton* of counsel *(Shatzkin, Cooper, Labaton, Rudoff & Bandler,* attorneys), for respondent.

STEVENS, P. J. This is a shareholders' derivative action alleging corporate waste and mismanagement against certain officers and directors of Continental Care Facilities, Inc., which was named as a nominal defendant. On October 31, 1973, the parties entered into a negotiated settlement agreement discontinuing the action. By the terms of the agreement, defendant Neuman, who together with defendant Ehrlich controlled 300,000 of the 700,000 outstanding shares of the corporation, thereby controlling the board of directors through

their nominees, agreed to buy the 200,000 shares controlled by plaintiff and the group he represented and agreed to offer to buy the remaining 200,000 shares of stock outstanding, which were not in the control of either group. The agreement was signed by all parties including the corporation, although Neuman alone assumed the obligation to purchase the shares of stock.

Since court approval of the settlement agreement was required pursuant to subdivision (d) of section 626 of the Business Corporation Law, the parties, in accordance with section 1 of the agreement, jointly prepared a proposed order with supporting papers and submitted them to the court on January 15, 1974. Prior to the hearing on the application, which was scheduled for March 1, 1974, the individual defendants, who are the directors of the corporate defendant, retained a new counsel and attacked the agreement as illegal. By order entered June 18, 1974, the court held the application for approval of the settlement in abeyance and referred the matter to a Special Referee to hear and report on the adequacy of the consideration, whether the shareholders approved of it, and the amount of legal fees to be paid.

Thereafter, on August 8, 1974, the defendant corporation, but not the individual defendants, moved to vacate the order of reference on the ground that the settlement agreement was null and void by its own terms which in essence provided that it shall become null and void if the discontinuance of the suit "is not finally approved (subject to no appeal) prior to May 30, 1974 unless the undersigned agree to extend the time for such final approval." On November 12, 1974, the court directed another reference to determine whether time was of the essence or whether the defendants committed a purposeful delay in order to avoid their obligation under the agreement. The prior reference was held in abeyance by the Special Referee and, in his report dated July 16, 1975, he found that no defendant had informed plaintiff that time was considered of the essence, that only defendant Neuman had acquiesced in extensions of time and that there was no evidence of intentional or purposeful delay by any of the defendants. The court confirmed the report, declared the settlement agreement null and void, and denied plaintiff's request for a shareholders' hearing before the Special Referee.

The record indicates that, in addition to Neuman's acquiescence in extensions of time, counsel for the other individual

defendants expressed a willingness to grant an extension to a mutually agreeable date, albeit such date was never fixed. While the corporate defendant never agreed to any extensions, it was only a nominal defendant, which assumed no obligations under the agreement but stood to benefit by what all the parties felt would be a harmonizing of relations.

In every contract, there is an implied convenant of good faith, fair dealing and, in this case certainly, co-operation *(Kirke La Shelle Co. v Armstrong Co.,* 263 NY 79, 87; 10 NY Jur, Contracts, § 203). There was an implied obligation to exercise good faith not to frustrate the contract which the parties had entered into *(Grad v Roberts,* 14 NY2d 70, 75). "The general rule is, as it has been frequently stated, that a party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the condition" *(Kooleraire Serv. & Installation Corp. v Board of Educ. of City of N.Y.,* 28 NY2d 101, 106). Under the language of the settlement agreement, the parties were obligated to "jointly apply to discontinue." This duty becomes meaningless when one, after filing the application, can immediately set in motion a chain of events which makes impossible the accomplishment of the stated objective. It should be remembered that on January 15, 1974, all parties jointly submitted the settlement agreement to the court for approval which according to the agreement was required by May 30, 1974. It was shortly thereafter that certain of the individual defendants through their new attorneys mounted an attack on the legality of the settlement agreement which they had earlier signed and promised to support. Their actions made impossible the consummation of the agreement by the scheduled date.

Accordingly, the order entered December 8, 1975 in New York County (AMSTERDAM, J.) should be modified on the law and the facts to the extent of confirming so much of the report of the Honorable LLOYD I. PAPERNO, dated July 16, 1975, as found that no testimony was adduced that the date of consummation of the settlement was of the essence of the agreement as to it, or that any of the defendants had advised plaintiff that time was intended to be of the essence, and as further found that there was evidence of defendant Neuman's acquiescence in extensions of time for performance of the agreement. In addition, the second and third ordering paragraphs should be stricken and plaintiff's request for a shareholders' hearing

6

as to fairness of the settlement should be granted. As so modified, the order should otherwise be affirmed, without costs.

MARKEWICH, MURPHY, and YESAWICH, JJ., concur.

Order, Supreme Court, New York County, entered on December 8, 1975, unanimously modified, on the law and the facts, to the extent of confirming so much of the report of the Honorable LLOYD I. PAPERNO, dated July 16, 1975, as found that no testimony was adduced that the date of consummation of the settlement was of the essence of the agreement as to it, or that any of the defendants had advised plaintiff that time was intended to be of the essence, and as further found that there was evidence of defendant Neuman's acquiescence in extensions of time for performance of the agreement. In addition, the second and third ordering paragraphs are stricken and plaintiff's request for a shareholders' hearing as to fairness of the settlement is granted. As so modified, the order is otherwise affirmed, without costs and without disbursements.