■ TELMARK, INC., Appellant-Respondent, v C & R FARMS, INC., et al., Respondents. C & R FARMS, INC., et al., Counterclaim Plaintiffs-Respondents, v TELMARK, INC., et al., Counterclaim Defendants-Appellants. AGWAY, INC., Third-Party Plaintiff, v ONDULINE U.S.A., INC., Third-Party Defendant-Appellant. (Appeal No. 1.)—Appeal unanimously dismissed, without costs, as academic. (Appeals from order of Supreme Court, Onondaga County, Lawton, J.—amend answer.) Present—Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.

■ TELMARK, INC., Appellant-Respondent, v C & R FARMS, INC., et al., Respondents. C & R FARMS, INC., Counterclaim Plaintiffs-Respondents, v TELMARK, INC., et al., Counterclaim Defendants-Appellants. AGWAY, INC., Third-Party Plaintiff, v ONDULINE U.S.A., INC., Third-Party Defendant-Appellant. (Appeal No. 2)—Order unanimously reversed, on the law, without costs. Memorandum: Defendants entered into a lease agreement with Agway, Inc., for the construction and rental of a building used to board horses. Agway assigned the lease to the plaintiff. Defendants ceased paying rent after the roof of the building leaked causing considerable damage and preventing full utilization of the building. When Agway did not adequately remedy the problem, plaintiff sued defendants for the balance of rent due under the lease and defendants asserted some counterclaims for consequential and incidental damages. Plaintiff moved to dismiss those counterclaims on the ground that the terms of the lease specifically precluded its liability for consequential and incidental damages.

Special Term *sua sponte* dismissed those counterclaims but granted defendants leave to amend their answer to assert the claims for consequential and incidental damages by way of the

defense of equitable recoupment. That was error. In order to assert the defense of equitable recoupment, a party must have a legally subsisting cause of action upon which it could maintain an independent claim (see, Seibert v Dunn, 216 NY 237; Constantino v State of New York, 99 Misc 2d 362, 365; see also, 20 Am Jur 2d, Counterclaim, Recoupment and Setoff, §§ 11, 12, 17; 80 CJS, Set-Off and Counterclaim, § 25). Since "under no circumstances" can the defendants have a cause of action against plaintiff for consequential damages, they cannot assert such claim in recoupment.

Further, the defense of recoupment does not include a claim for damages purely consequential but is limited to allowance for diminution in the value of the subject matter of the contract (see, Matter of Marchant v Mead-Morrison Mfg. Co., 252 NY 284, 301, appeal dismissed 282 US 808). Singer Co. v Alka Knitting Mills (41 AD2d 856), relied on by Special Term, is not to the contrary. Defendant there combined in one "AFFIRMATIVE DEFENSE, OFFSET AND COUNTERCLAIM" claims for consequential damages for lost profits and a claim for return of a down payment on a machine it never received. The court dismissed the claim as pleaded but permitted the defendant to replead to assert the down payment as a defense of setoff. The doctrine of recoupment was not involved. (Appeals from order of Supreme Court, Onondaga County, Lawton, J.—renewal.) Present—Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.