■ LOIS PITTS GERSHON PON/GGK, INC., Respondent, v TRI-HONDA ADVERTISING ASSOCIATION, INC., Appellant. (And a

Third-Party Action.)—Order, Supreme Court, New York County (William J. Davis, J.), entered November 22, 1989, which denied defendant's motion for summary judgment, unanimously affirmed, with costs.

On February 2, 1983, plaintiff, an advertising agency, presented to its client, defendant Tri-Honda Advertising Association, Inc., an advertising program, complete with storyboard drawings, based on the slogan, "Honda. The car that sells itself." The defendant terminated its relationship with plaintiff in March of 1983 because of a personality conflict with plaintiff's chairman and creative director, George Lois.

On July 30, 1986, the third-party defendant, Korey, Kay & Partners, Inc. (Korey, Kay), which had recently been retained by defendant, presented to the defendant a series of proposed television advertisements using the slogan, "Honda. The car that sells itself." On July 2, 1987, plaintiff sued defendant for misappropriating plaintiff's original idea, and defendant brought a third-party action against Korey, Kay on September 29, 1987. After discovery was completed, defendant moved for summary judgment, claiming that it did not appropriate the idea, and that, in any event, the idea lacked the requisite elements of novelty and originality and, thus, was not subject to legal protection.

We affirm the order denying summary judgment. The similarity between plaintiff's proposed advertising campaign and the one developed by Korey, Kay and the unusual circumstance that the second campaign was developed for the Tri-Honda Advertising Association, Inc. just three years after plaintiff's campaign was proposed to Tri-Honda constitute circumstantial evidence sufficient to raise a factual issue for trial, despite the affidavits of Tri-Honda's members and Korey, Kay's creative director denying any turnover or copying. Whether the "Sells Itself" slogan is novel and original, or a mere variation on a common phrase, is a question which must also be decided by the trier of fact. Concur—Ross, J. P., Rosenberger, Asch and Smith, JJ.