■ ROBERT C. APFEL et al., Respondents-Appellants, v PRU-DENTIAL-BACHE SECURITIES INC., Appellant-Respondent.—Order, Supreme Court, New York County (Beverly Cohen, J.), entered August 23, 1991, which dismissed the second through seventeenth causes of action, struck affirmative defenses and/ or counterclaims of fraud, estoppel, laches and breach of warranty, and otherwise denied the plaintiffs' motion for partial summary judgment and the defendant's cross-motion for summary judgment, and the order of the same court and Justice entered on November 7, 1991, which clarified its prior order to the extent of striking all allegations in the affirma-tive defenses and/or counterclaims asserting lack of considera-tion, and striking the affirmative defense of mutual mistake and the counterclaim for rescission, are unanimously modified, on the law, to reinstate the seventh cause of action and the allegations of lack of consideration in the answer and counter-claim, with the direction that the issue be considered by the factfinder, and to strike plaintiffs' demand for punitive dam-ages, and the orders are otherwise affirmed, without costs.

This action arises out of a contract whereby plaintiffs con-veyed to defendant a system, then asserted as revolutionary by the plaintiffs, but now commonly accepted in the securities industry, of trading municipal securities through "immobiliza-tion" and book entry. The ultimate issue to be determined is whether the procedure as devised by plaintiffs was sufficiently novel, that is, the fully realized product of a combination of previously known disparate elements *(see, e.g., Murray v Na-tional Broadcasting Co.,* 844 F2d 988, 993, *cert denied* 488 US 955).* Here, as is usually the case *(see, e.g., Lois Pitts Gershon PON/GGK v Tri-Honda Adv. Assn.,* 166 AD2d 357), novelty is a question of fact. It is for the factfinder to decide whether or not the plaintiffs' idea was sufficiently novel to constitute consideration for the defendants' obligations.

Although the parties entered into an express contract, plaintiff is not precluded from recovery on the theory of quasi contract or contract implied in law *(Singer Co. v Alka Knit-ting Mills,* 41 AD2d 856). Accordingly, plaintiffs' cause of action sounding in unjust enrichment should be reinstated. The cause of action alleging a breach of good faith is duplica-tive of a cause of action alleging breach of contract, since every contract contains an implied covenant of good faith and fair dealing *(Gross v Neuman,* 53 AD2d 2, 5).

The demand for punitive damages is here improper since punitive damages will not be awarded in what is essentially a private action *(Gazda v Kolinski,* 91 AD2d 860, *affd in part and appeal dismissed in part* 64 NY2d 1100), particularly if the action involves a mere breach of contract *(see, e.g., Stack Elec. v DiNardi Constr. Corp.,* 161 AD2d 416).

We have reviewed the remaining respective arguments of the parties, and find them to be without merit. Concur— Sullivan, J. P., Carro, Wallach and Smith, JJ.