■ Terry Norris, Respondent, v Don King Productions, Inc., et al., Appellants, et al., Defendant. [706 NYS2d 426] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered March 23, 1999, which granted plaintiff summary judgment on his eighth cause of action seeking a declaration that his agreement with Don King Productions is void, unanimously reversed, on the law, without costs, the declaration voiding the October 12, 1996 agreement vacated, and plaintiff's motion for partial summary judgment on his eighth cause of action denied. Appeal from order, same court and Justice, entered March 23, 1999, unanimously dismissed, without costs.

Defendant Don King, a boxing promoter and resident of Florida, is the president and sole shareholder of defendant Don King Productions, Inc. (DKP), a corporation headquartered in Florida. Plaintiff Terry Norris is a professional boxer who, at the time of the commencement of this action, was the welterweight champion of the World Boxing Council (WBC). Defendant Joseph Sayatovich is Norris's manager. This appeal concerns the enforceability of a contract between Norris and DKP in which Norris agreed to participate in a boxing match against Felix Trinidad (the bout agreement).

DKP began promoting Norris in 1993, and over the ensuing years, the parties executed a series of agreements for various fights. On October 12, 1996, in the State of Florida, they entered into the bout agreement at issue, providing for the promotion of a fight between Norris and Felix Trinidad for the WBC Super Welterweight World Championship and the IBF Junior Middleweight World Championship. Paragraph 16 of the bout agreement provided that it was deemed to have been executed in New York, and that it would be "governed, construed and enforced in accordance with" the laws of New York. The location of the fight was "to be at a site designated by Promoter." The bout agreement provided at paragraph 1 that the bout would be conducted "in conformity with the rules and regulations of the applicable athletic or boxing commission," and, at paragraph 8, that Norris would execute any necessary additional agreements, including "a standard boxing contract in such form as may be required by the local governmental authority with jurisdiction over the Bouts."

In March 1997, after finalizing a separate agreement with Trinidad, DKP arranged for the fight to be held at Madison Square Garden. Since he did not have a current New York promoter's license, King applied for a New York license on May 16, 1997, which license was issued to him on May 27, 1997. However, Norris, apparently dissatisfied with the terms of the proposed fight, refused to fight Trinidad.

The only claim at issue here is Norris's contention that the October 12, 1996 bout agreement was unenforceable, as not in compliance with the rules of the New York State Athletic Commission. We conclude that the IAS Court erred in holding that because of the contract's New York choice-of-law provision, defendants' failure to submit the agreement to the Athletic Commission for review within 48 hours after execution, and King's lack of a New York promoter's license at the time he executed the agreement, rendered the agreement void under New York law.

As this Court has recently held regarding a contract between a boxer and promoters, the "insertion of a New York choice-of-law provision in [a promoter's] agreement had no effect whatsoever on fights taking place outside New York State" (*Quartey v AB Stars Prods.*, 260 AD2d 39, 43, citing *Zwirn v Galento*, 288 NY 428; *Gregory v Scorcia*, 493 F Supp 984).

Nothing in the language of the bout agreement can be read as an understanding that the intended fight would take place in New York. Rather, its terms simply required that if and when a fight were actually scheduled in New York, the parties would comply with all Athletic Commission requirements, including filing the standard New York contract. If the fight never occurred in New York, or took place elsewhere, the New York State Athletic Commission would have no jurisdiction, and its rules would have no application. The choice-of-law provision in such circumstances would simply govern the interpretation of the contract itself, and would not mean that the rules of the New York State Athletic Commission would govern a fight in Las Vegas, for instance.

The question of what location was intended by the parties to the agreement presents an issue of fact that precludes summary determination. Concur—Tom, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.