JED S. RAKOFF, U.S.D.J.
Before the Court is a motion by plaintiff Houston Casualty Co. ("Houston") to dismiss the third counterclaim asserted by defendant Paul Ryan Associates, Inc. ("Paul Ryan"). The parties' familiarity with the underlying facts and procedural history is assumed. For the foregoing reasons, the motion is granted.
Briefly, this case is about whether plaintiff, an insurer, is required to defend and indemnify defendant against allegations that defendant deficiently performed under a construction contract with a third party. Plaintiff seeks a declaratory judgment that it is not liable. Defendant asserted several counterclaims in response, including one for breach of the insurance contract and another for "bad faith and unfair dealing." Ans. ¶¶ 83-84, ECF No. 14. Only this last counterclaim is at issue in the present motion.
Plaintiff's primary argument is that the bad faith counterclaim cannot be maintained because it is duplicative of the claim for breach of contract. Pl. Mem. Supp. Mot. Dismiss 7, ECF No. 18. Plaintiff is correct. Under New York law, because "every contract contains an implied covenant of good faith and fair dealing," a "cause of action alleging a breach of good faith is duplicative of a cause of action alleging breach of contract." Apfel v. Prudential-Bache Securities, Inc., 183 A.D.2d 439, 439, 583 N.Y.S.2d 386 (1st Dep't 1992) ; see also Harris v. Provident Life and Acc. Ins. Co., 310 F.3d 73 (2d Cir. 2002). Here, it is clear that the counterclaim for bad faith and unfair dealing arises out of, and is explicitly premised on, the underlying insurance contract. See Ans. ¶¶ 78-79 (citing contract provisions); id. ¶ 82 ("Under the insurance agreements and applicable law ...."); id. ¶ 83 (describing plaintiff's purported failure to take certain action "as required under the insurance contract").
Defendant argues that while an insurer's ordinary negligence will not support an independent tort claim for bad faith, an insurer's gross negligence will. But defendant cites no cases stating that as the rule, and the Court has found none.[1]
*365 To the contrary: in New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 639 N.Y.S.2d 283, 662 N.E.2d 763, 769-70 (N.Y. 1995), the insurer's "actions in failing to adequately investigate, in denying payment of the claim, and in failing to renew the policy after assertion of the claim" were alleged to be "careless, negligent, reckless and vindictive." The New York Court of Appeals nonetheless squarely stated that such a claim "amounts to nothing more than a claim based on the alleged breach of the implied covenant of good faith and fair dealing, and the use of familiar tort language in the pleading does not change the cause of action to a tort claim." Id., 639 N.Y.S.2d 283, 662 N.E.2d at 770. Accordingly, the Court held that the bad faith claim was "duplicative of the first cause of action for breach of contract and should have been dismissed." Id. (citing Apfel, 183 A.D.2d at 439, 583 N.Y.S.2d 386 ).
The allegations at issue in New York Univ . are materially indistinguishable from the allegations underlying defendant's counterclaim for bad faith. That counterclaim is therefore dismissed with prejudice. In light of this determination, the Court need not consider plaintiff's alternative argument for dismissal. The Clerk of the Court is directed to close entry number 16 on the docket.
SO ORDERED.

The Court notes that defendant's argument is based, in part, upon allegations relating to plaintiff's conduct in a separate and unrelated insurance dispute. These allegations were not included in defendant's answer, but instead appeared for the first time in the form of unsworn assertions in defendant's briefing for the instant motion. Accordingly, the Court will not consider them. A party "may not alter his pleadings through a brief." Fischer v. Forrest, 286 F.Supp.3d 590, 604 (S.D.N.Y. 2018), appeal docketed, No. 18-2959 (2d Cir. Oct. 4, 2018).