**Jay M. WOLFF, David Bliss, Tim Barber, and Steve O'Brien, Plaintiffs,**

v.

**RARE MEDIUM, INC., ICC Technologies Inc. n/k/a Rare Medium Group, and Rare Medium Texas I, Inc., Defendants.**

**No. 01 Civ. 11251(VM).**

United States District Court, S.D. New York.

July 23, 2002.

Andrew L. Morrison, Jonathan Young, Reed, Smith, L.L.P., New York City, for plaintiffs.

### DECISION AND AMENDED ORDER

MARRERO, District Judge.

Plaintiffs Jay M. Wolff, David Bliss, Tim Barber, and Steve O'Brien (collectively, the "Plaintiffs") brought this action against defendants Rare Medium, Inc., ICC Technologies Inc. n/k/a Rare Medium Group, and Rare Medium Texas I, Inc. ("Rare Medium"), alleging breach of contract, tortious interference with contract, and tortious interference with prospective business advantage. Plaintiffs, who were former principal shareholders of Big Hand, Inc. ("Big Hand"), base their claims upon an Agreement and Plan of Merger (the "Merger Agreement") entered into in April 1999 by Big Hand and Rare Medium.

On June 27, 2002, the Court issued an Order granting Rare Medium's motion to dismiss Plaintiffs' Amended Complaint. The June 27, 2002 Order indicated that the Court's reasoning would be set forth in a subsequent decision. For the reasons discussed below, the Court grants Rare Medium's motion to dismiss Plaintiffs' Amended Complaint and amends the June 27, 2002 Order to incorporate the discussion herein.

## I. FACTUAL BACKGROUND

In April 1999, Plaintiffs entered into a Merger Agreement with Rare Medium to sell Big Hand in exchange for shares of Rare Medium's stock. The Merger Agreement contained several time-sensitive restrictions on Plaintiffs' ownership rights in the exchanged stock. It provided that for twelve months after the merger, Plaintiffs were restricted from selling or entering into any transaction related to the Rare Medium stock. However, within the interim period of twelve months to eighteen months after the merger, Plaintiffs were

permitted to enter a limited set of transactions as prescribed by section 4.4(a) of the Merger Agreement.[1]

During the end of the twelve-month waiting period, Rare Medium's share price began to drop rapidly. Soon after the one year anniversary, Plaintiffs sought to enter into transactions ("Attempted Transactions") to "collar"[2] their stock with the brokerage firm of Morgan Stanley so that they could lock in a price range for the stock. (Am.Compl.¶¶ 27–28.)

Plaintiffs allege that they entered into a brokerage agreement (the "Brokerage Agreement") with Morgan Stanley to engage in the Attempted Transactions, whereby Plaintiffs agreed to pay fees in exchange for Morgan Stanley to undertake certain actions to collar the stock. Plaintiffs allege that the agreement provided for Morgan Stanley to collar certain amounts of the stock at certain times. (Am.Compl.¶ 31.) Morgan Stanley was aware of the restrictions on the stock and requested that Rare Medium "authorize" the Attempted Transactions. (Am. Compl.¶ 32.)

Plaintiffs assert that Rare Medium knew that the Attempted Transactions were permitted under the Merger Agreement but prevented such transactions from taking place by informing Morgan Stanley otherwise. (Am.Compl.¶ 38.) In addition, Plaintiffs allege that Rare Medium prevented the Attempted Transactions from taking place by notifying Morgan Stanley that it would bring a legal action against Morgan Stanley if Morgan Stanley proceeded with the Attempted Transactions. (*Id.*)

Moreover, Plaintiffs allege that due to Rare Medium's fraudulent misrepresentation about the permissibility of the Attempted Transactions under the Merger Agreement the Attempted Transactions did not proceed and Plaintiffs were precluded from locking in a favorable price range for the Rare Medium stock. (Am. Compl.¶ 41.)

On December 27, 2001, Rare Medium moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' original complaint dated May 18, 2001 (the "Original Complaint") for failure to state a claim upon which relief could be granted. In an Order dated October 31, 2001, amended by a Decision and Order dated November 13, 2001 (the "November 2001 Order"), the Court granted Rare Medium's motion with leave to re-plead.[3]

Following the dismissal, Plaintiffs filed an amended complaint on December 7, 2001 (the "Amended Complaint") which purported to remedy the deficiencies the Court found in the Original Complaint. The Court presumes familiarity with the Original Complaint, which was discussed in the November 2001 Order. In the Amended Complaint, Plaintiffs essentially repeat the same allegations contained in the Orig-

---

1. The relevant portion of section 4.4(a) of the Merger Agreement provides that:

 [A]fter the one (1) year anniversary of the Effective Time, any Principal may enter into any of the foregoing transactions, except that, until eighteen (18) months has expired, no Principal or any such transferee shall sell, or enter into transaction with respect to, any shares on the public market. (Section 4.4(a) of the Merger Agreement, dated March 5, 1999, attached to Amended Complaint as Exhibit A, (" § 4.4(a)").)

2. Plaintiffs failed to define collaring in both the Original and Amended Complaint. They merely alleged that it is an industry term whereby a stockowner can "lock in" a price range for the stock as to guaranteed profits. (Am.Compl.¶ 28.)

3. The case is reported as *Wolff v. Rare Medium*, 171 F.Supp.2d 354 (S.D.N.Y.2001).

inal Complaint. In the Original Complaint, Plaintiffs asserted that Rare Medium breached the Merger Agreement by telling Morgan Stanley that the Attempted Transactions were not permitted. (Compl.¶ 5.) Plaintiffs assert the same claim in the Amended Complaint. (Am. Compl.¶¶ 38, 54, 62, 70, 72.) Furthermore, Plaintiffs reassert the same claim that Rare Medium knew that the Attempted Transactions were permissible under the Merger Agreement. (Compl. ¶¶ 34, 48, 41 and Am. Compl. ¶ 37.)

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW*

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all well-pleaded factual allegations of the complaint, and draw all reasonable inferences in favor of the plaintiff. *See City of Los Angeles v. Preferred Communications, Inc.*, 476 U.S. 488, 493, 106 S.Ct. 2034, 90 L.Ed.2d 480 (1986); *Jaghory v. New York Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). A court may properly dismiss a complaint when it appears beyond doubt that plaintiff cannot prove a set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In determining a Rule 12(b)(6) motion, a court's function " 'is not to weigh the evidence that might be presented at trial but merely to determine if the complaint itself is legally sufficient.' " *Lane's Floor Coverings, Inc. v. Ardex, Inc.*, No. 95 Civ. 4078, 1996 WL 19182, at *2 (E.D.N.Y. Jan.4, 1996) (quoting *Bio–Tech. Gen. Corp. v. Genentech, Inc.*, 886 F.Supp. 377, 380 (S.D.N.Y.1995)).

When reviewing a motion to dismiss, a court may consider documents attached to the pleadings, as well as documents outside the pleadings "that are integral or relied upon by the plaintiff in preparing the pleadings." *See Goldin–Feldman Co., Inc. v. Blum & Fink, Inc.*, No. 99 Civ. 11637, 2000 WL 1182798, at *2 (S.D.N.Y. Aug.18, 2000) (citing *Int'l Audiotext Network, Inc. v. American Tel. and Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995)). In the instant case, the Merger Agreement is attached to the Amended Complaint and the Court will consider it in deciding the motion.

### B. *BREACH OF CONTRACT*

█ To establish a breach of contract under New York law, a plaintiff must plead the following elements: (i) the existence of a contract; (ii) a breach of the contract; and (iii) damages resulting from the breach. *See Terwilliger v. Terwilliger*, 206 F.3d 240, 245–46 (2d Cir.2000). When pleading these elements, a plaintiff must identify the specific provision of the contract that was breached as a result of the acts at issue. *See Levy v. Bessemer Trust Co., N.A.*, No. 97 Civ. 1785, 1997 WL 431079, at *5 (S.D.N.Y. July 30, 1997).

Under the Federal Rules, the essential function of pleadings is to give the adverse party notice of the claim asserted and thereby enable that party to answer and prepare for trial. *See Levisohn, Lerner, Berger & Langsam v. Med. Taping Sys., Inc.*, 10 F.Supp.2d 334, 344 (S.D.N.Y.1998) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988)). Although pleading requirements are construed liberally under Rule 12(b)(6), failure to provide sufficient grounds for relief warrants dismissal of a plaintiff's claims. *Id.* (citing 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34[1][b] at 12–61 (3d ed.1999)).

The Court dismissed Plaintiffs' Original Complaint because it failed to provide Rare Medium with notice of the specific

contractual provision allegedly breached.[4] In the Original Complaint, Plaintiffs had asserted that they had the right to enter into the Attempted Transactions based on section 4.4(a) of the Merger Agreement, and that Rare Medium breached the contract by not authorizing the Attempted Transactions. (Compl. ¶¶ 26–28, and. 39.) The Court found nothing in the plain language of the Merger Agreement, nor in the facts alleged in the Original Complaint, that obligated Rare Medium to approve the transactions, and accordingly dismissed the action on these grounds. *See Wolff*, 171 F.Supp.2d at 358.

Although in the Amended Complaint Plaintiffs allege two separate bases for their breach of contract claim, their pleadings represent essentially a rephrasing of the allegations contained in the Original Complaint. First, Plaintiffs allege that Rare Medium breached section 4.4(a) of the Merger Agreement when it took affirmative actions to interfere with Plaintiffs' exercise of their rights pursuant to that section. (Am.Compl.¶¶ 19–25, 28–29, 33–44.) Second, Plaintiffs allege that Rare Medium violated the Merger Agreement by breaching the implied covenant of good faith and fair dealing. (*Id.* at ¶ 56.)

■ In the Amended Complaint, like the Original Complaint, Plaintiffs merely assert that "Rare Medium *knew* that [the Attempted] transactions were permitted under the Acquisition Agreement," without providing a basis indicating that the Attempted Transactions were indeed permitted. (Am. Compl. ¶ 37. and Compl. ¶ 34.) (emphasis added). Rare Medium counters Plaintiffs' assertion by contending that "[t]his Court need not accept Plaintiffs'

unsupported legal conclusion that the transactions were allowed when they refuse to provide any information. on what type of transaction a collar contemplates." (Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, dated December 27, 2001, ("Defs.'Mem. Mot. to Dismiss"), at p. 9.) The Court agrees.

The Amended Complaint, like the Original Complaint, provides nothing to define "collaring" other than the generic assertion that "[c]ollaring is an industry term whereby the owner of the stock 'locks in' a price range for the stock." (Am. Compl. ¶ 28 and Compl. ¶ 32); *cf. Levy v. Bessemer Trust Co.*, No. 97 Civ. 1785, 1997 WL 431079 at *1 (S.D.N.Y. July 30, 1997) (defining a "European options" collaring transaction which involves simultaneously buying a European put option and selling a European call option). In the instant case, the transaction is not defined. It is therefore, not clear whether Plaintiffs had the right to enter into the contract. Plaintiffs' merely alleging that the Attempted Transactions were permitted, and this constituting the sole basis of their asserted rights, is not sufficient. (Am.Compl.¶ 54.) Even on a Rule 12(b)(6) motion, a court need not accept a "plaintiff's legal conclusions and characterizations" as true. *Hoffman v. Empire Blue Cross & Blue Shield*, No. 96 Civ. 5448, 1999 WL 782518, at *2 (S.D.N.Y. Sept.30, 1999).

Furthermore, § 4.4(a) of the Merger Agreement provides that, even after the one year · anniversary of the Merger Agreement, "no Principal or any such transferee shall sell or enter into any transaction with respect to, any such

---

4. In the November 2001 Order, the Court stated:

> Rare Medium's motion to dismiss Plaintiff's breach of contract claim is granted, and Plaintiffs are granted leave to re-plead the

breach of contract claim to specify which provision in the contract they rely upon as requiring Rare Medium to authorize the Attempted Transactions.

*Wolff v. Rare Medium*, 171 F.Supp.2d at 359.

shares on the public market." In the Amended Complaint, Plaintiffs merely assert that collaring does not require the selling of the stock, and therefore, that Plaintiffs had the right to enter into the Attempted Transactions. (Am. Compl.¶ 29.) In the Amended Complaint, Plaintiffs provide no better description of what the Attempted Transactions consist of. Consequently, it is not clear that Plaintiffs possess the right to enter into such transactions. To merely assert conclusorily that such a right existed is insufficient. The Court is not obligated to accept pleadings stated as legal conclusions, even on a Rule 12(b)(6) motion. *See Hoffman,* 1999 WL 782518, at *2.

Plaintiffs have not alleged that collaring does not involve entering into a transaction involving the public market. Therefore, as was the case with the Original Complaint, it is still doubtful that § 4.4(a) of the Merger Agreement conferred upon any Plaintiffs rights to enter into the Attempted Transactions. *See Wolff,* 171 F.Supp.2d at 359.

Even if such transactions were permitted under the Merger Agreement, the Plaintiffs' claim for breach of contract would still fail because the Amended Complaint does not identify the specific provision of the Merger Agreement breached by Rare Medium. For a breach of contract claim to exist, the Plaintiffs "must identify what provisions of the contract was breached as a result of the acts at issue." *See id.* at 358; *Levy v. Bessemer Trust Co., N.A.,* No. 97 Civ. 1785, 1997 WL 431079, at *5 (S.D.N.Y. July 30, 1997); *see also Lewis Tree Service, Inc. v. Lucent Technologies, Inc.,* No. 99 Civ. 8556, 2000 WL 1277303, at *5 (S.D.N.Y. Sept.8, 2000)

(dismissing breach of contract claim because plaintiffs failed to identify contractual provisions that defendant breached). Although Plaintiffs, in the Amended Complaint, essentially assert seven separate allegations purporting to demonstrate how Rare Medium breached the Merger Agreement, each of the allegations rests on the same theory: that Rare Medium prevented the Attempted Transactions by telling Morgan Stanley that the Attempted Transactions were not permitted under the Merger Agreement. (Am.Compl.¶ 54.) These allegations are insufficient to set out a breach of contract claim for much of the same reasons in the Court's November 2001 Order: there is "neither plain language in the Merger Agreement nor facts alleged in the complaint ... to support the existence of an obligation on the part of Rare Medium to provide third parties with a particular opinion." *Wolff,* 171 F.Supp.2d at 359.

█ Plaintiffs further assert in the Amended Complaint that based on the parties' negotiations and agreements both parties to the contract understood that Plaintiffs had a right to collar the stock twelve months after entering the Merger Agreement. However, such negotiations and agreements are irrelevant because the contract contains a merger clause.[5] Under New York law, "if a contract recites that all of the parties' agreements are merged into the written document, parol evidence is not admissible to vary, or permit escape from the terms of the integrated contract." *Manufacturers Hanover Trust Co. v. Yanakas,* 7 F.3d 310, 315 (2d Cir.1993). A merger clause is ineffective only when a party to a contract is induced into the contract by means of fraud. *See id.* at

---

**5.** Article VIII section 8.3 of the Merger Agreement in relevant part states: "This Agreement (including the documents referred to herein) constitutes the entire agreement among the Parties and supersedes any prior understandings, agreements, or representations by or among the Parties...."

315. Plaintiffs here make no allegations that they were fraudulently induced to enter into the contract, or the merger clause. Accordingly, Plaintiffs' new allegations about the parties' negotiations before the execution of the Merger Agreement are irrelevant to the Court's consideration of Rare Medium's motion to dismiss.

Even if Plaintiffs did have the right to enter into the Attempted Transactions after twelve months, they fail to sufficiently allege that the condition precedent was fulfilled or unnecessary. Relevant portions of the Merger Agreement provides that "[no one] shall sell or otherwise transfer any such shares unless and until the transferee of such shares enters into a *written agreement* with [Rare Medium] agreeing to the restrictions contained in section 4.5." (§ 4.4(a).) (emphasis added). Plaintiffs do not allege that Morgan Stanley entered into any such written agreement with Rare Medium.

## C. THE COVENANT OF GOOD FAITH AND FAIR DEALING

■ New York law does not recognize a separate cause of action for breach of the covenant of good faith and fair dealing. *See Butvin v. Doubleclick Inc.*, No. 99 Civ. 4727, 2001 WL 228121, at *8 (S.D.N.Y. Mar.7, 2001). A breach of the covenant of good faith and fair dealing is an implied term of every contract and is considered to be a breach of the underlying contract. *See id.; see also Fasolino Foods Co., Inc., v. Banca Nazionale del Lavoro*, 961 F.2d 1052, 1056 (2d Cir.1992). As a result, courts will not allow the imposition of such a duty to conflict with the other terms of the parties' contractual relationship. *See Dalton v. Educational Testing Service*, 87 N.Y.2d 384, 639 N.Y.S.2d 977, 663 N.E.2d 289, 292 (1995) (citing *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983)).

Furthermore, the obligation of good faith does not create obligations that go beyond those intended and stated in the language of the contract. *See Granite Partners, L.P. v. Bear, Stearns & Co. Inc.*, 17 F.Supp.2d 275, 305 (S.D.N.Y.1998).

■ As noted above, Plaintiffs Original Complaint contained "neither plain language in the Merger Agreement nor facts alleged in the Complaint . . . to support the existence of an obligation on the part of Rare Medium to provide third parties with a particular opinion." *Wolff,* 171 F.Supp.2d at 358. For the same reasons stated in the Court's November 2001 Order, the Court finds that Plaintiffs' claim for breach of the covenant of good faith and fair dealing in the Amended Complaint fails to state a claim as a matter of law. The covenant of good faith cannot be used to create independent obligations beyond the contract. *See id.* at 359.

## D. TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

■ To establish a prima facie cause of action for tortious interference with contractual relations in New York, a plaintiff must plead the following elements: (i) the existence of a valid contract between the plaintiff and a third party; (ii) defendant's knowledge of the contract; (iii) defendant's intentional inducement of the third party to breach the contract; (iv) and damages. *See Kronos Inc. v. AVX Corp.*, 81 N.Y.2d 90, 595 N.Y.S.2d 931, 612 N.E.2d 289, 292 (1993). Phrased in another way, the third element of the cause of action involves a defendant's "improper intentional interference with [ ] performance" of an existing contract. *Imtrac Indus., Inc. v. Glassexport Co.*, No. 90 Civ. 6058, 1996 WL 39294, at *7 (S.D.N.Y. Feb.1, 1996) (quoting *Enercomp, Inc. v. McCorhill Publ'g, Inc.*, 873 F.2d 536, 541 (2d Cir.1989)). In addition,

the third party's breach must have been caused by the defendant, meaning that the breach would not have occurred but for the defendant's acts. *See Catskill Dev., L.L.C., v. Park Place Entm't Corp.*, 144 F.Supp.2d 215, 232 (S.D.N.Y.2001) (citing *Sharma v. Skaarup Ship Mgmt. Corp.*, 916 F.2d 820, 828 (2d Cir.1990)).

 The Amended Complaint has failed to remedy the deficiencies the Court found in the Plaintiffs' Original Complaint as to this cause of action. The Original Complaint contained no allegations regarding Plaintiffs' rights and obligations under the alleged Brokerage Agreement with Morgan Stanley, nor did it indicate how Morgan Stanley breached the agreement, or how Rare Medium's acts caused the breach. *See Wolff*, 171 F.Supp.2d at 359. Moreover, as discussed above, Plaintiffs do not allege the nature of the "collaring" transactions at issue. In addition, the Original Complaint was also defective because it contained no specific allegation to support Plaintiffs' contention that Rare Medium knew of Plaintiffs' Brokerage Agreement with Morgan Stanley. The Amended Complaint fails to remedy that flaw.

Similarly, the Amended Complaint also fails to state a valid claim for tortious interference with contractual relations because it does not identify a valid existing contract with Morgan Stanley. *See G.I. Holdings Co. Inc. v. Blum & Fink, Inc.*, No. 99 Civ. 11637, 2000 WL 1182798, at *14 (S.D.N.Y. Aug.18, 2000) (citing *Universal Marine Med. Supply v. Lovecchio*, 8 F.Supp.2d 214, 221 (E.D.N.Y.1998)). The Amended Complaint merely alleges that "Plaintiffs entered into contracts with their brokerage firm (Morgan Stanley) to collar their Rare stock ... Plaintiffs were obligated to pay fees to Morgan Stanley for these transactions upon their completion and Morgan Stanley was obligated to en-

gage in transactions that would 'collar' Plaintiffs' stock." (Am.Compl.¶ 60.) Even viewing these allegations in a light most favorable to Plaintiffs, the allegations in the Amended Complaint are insufficient to establish that a valid contract existed. Like the Original Complaint, the Amended Complaint fails to allege the type or term of the alleged contract between Plaintiffs and Morgan Stanley. *See Wolff*, 171 F.Supp.2d at 359. As a result, Plaintiffs' Amended Complaint does not sufficiently plead the elements for a claim of tortious interference with contractual relations. *See G.I. Holdings Co. Inc.*, No. 01 Civ. 0216, 2000 WL 1182798, at *14 (2001) (concluding that an allegation of interference with contractual relations is insufficient where the plaintiff does not refer to a valid existing contract or any terms of the contract).

Plaintiffs assert in their Memorandum of Law that Rare Medium's insistence that Plaintiffs go into great detail about the contract is "surplussage." (Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Amended Complaint and Brief in Support Thereof, dated January 14, 2002 ("Pls.' Resp. Mem."), at 18). Plaintiffs further contend, relying on *Dorothy K. Winston & Co. v. Town Heights Development, Inc.*, 376 F.Supp. 1214, 1217 (D.D.C.1974), that it is unnecessary to allege every element of a binding contract to avoid dismissal under Rule 12(b)(6). Rather, Plaintiffs argue that allegations of the time, subject matter and parties to the contract are sufficient. Even if the Plaintiffs' contentions were true, Plaintiffs' claim for tortious interference with contractual relations would still fail because the Amended Complaint neither states the time, nor the subject matter of the alleged contract with Morgan Stanley. The Amended Complaint is also defective because it fails to identify how Morgan Stan-

ley breached the alleged contract. It generally asserts that Morgan Stanley did not comply with the terms of the agreement that it entered into with Plaintiffs. But the Amended Complaint fails to identify the exact terms breached as a result of Rare Medium's acts.

Plaintiffs' tortious interference with contractual relations claim is defective for another reason. Under New York law, such a claim must plead that a defendant used "wrongful means" to induce the third party to breach the contract. *See Guard–Life Corp. v. S. Parker Mfg. Corp.,* 50 N.Y.2d 183, 428 N.Y.S.2d 628, 406 N.E.2d 445, 448–49 (N.Y.1980); *accord NBT Bancorp Inc., et al v. Fleet/Norstar Financial Group, Inc.,* 87 N.Y.2d 614, 641 N.Y.S.2d 581, 664 N.E.2d 492, 495–96 (1996). "Wrongful means" includes physical violence, fraud, or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure. But it does not include persuasion alone, even if it is knowingly directed at interference with the contract. *See Guard–Life,* 428 N.Y.S.2d 628, 406 N.E.2d at 449. The Court dismissed the claim for tortious interference with contractual relations in the Original Complaint because Plaintiffs failed to sufficiently allege wrongful means. *See Wolff* 171 F.Supp.2d at 359. In the Amended Complaint, Plaintiffs allege that Rare Medium used wrongful means when it fraudulently misrepresented to Morgan Stanley that the Attempted Transactions were not permissible under the Merger Agreement, and that it would take legal action to prevent them from occurring. (Am.Compl.¶¶ 38, 54, 62.)

 To set out a claim for fraudulent misrepresentation the Plaintiffs must plead the following elements: (i) that the defendant made a false misrepresentation about a material fact, (ii) the defendant knew the representation was false, (iii)

the defendants intended that the plaintiff rely on the statement and the plaintiff did rely in the course of his ignorance, and (iv) damages resulted from the misrepresentation. *See Cohen v. Koenig,* 25 F.3d 1168, 1172 (2d Cir.1994). Federal Rule of Civil Procedure 9(b) provides that fraud must be stated with particularity. *See* Fed.R.Civ.P. 9(b); *see also, Koenig,* 25 F.3d at 1173; *Ouaknine v. MacFarlane,* 897 F.2d 75, 79 (2d Cir.1990). "To pass muster under [R]ule 9(b), the complaint must allege the time, place, speaker, and sometimes even the content of the alleged misrepresentation." *Ouaknine,* 897 F.2d at 79. Rule 9(b) requires that at a minimum, Plaintiffs allege who made the allegedly false statements, the contents of such statements, and to whom such statements were made. *See Thacker v. Medaphis Corp.,* No. 97 Civ. 2849, 1998 WL 684595, at *2, 5 (S.D.N.Y. Sept. 30, 1998). The Amended Complaint merely alleges that Rare Medium·fraudulently misrepresented to Morgan Stanley that the Attempted Transactions were not permitted, and that Rare Medium would not permit the transaction. (Am.Compl.¶ 62.) Such allegations, without more, do not meet the standard required under Rule 9(b). *Cf. Koenig,* 25 F.3d at 1173 (holding that plaintiffs complied with Rule 9(b) when they specified who made the false statement, and the precise dates and place of meeting where the statement was made).

Even if Plaintiffs' allegations were sufficient for a claim of fraudulent misrepresentation under Rule 9(b), Plaintiffs still fail to allege any facts to support their contention that Rare Medium believed that the Attempted Transactions were permissible under the Merger Agreement. Although Plaintiffs allege that Rare Medium "knew" that the Attempted Transactions were permitted (Am.Compl.¶ 62), this Court, even on a motion to dismiss, is not

required to accept conclusory allegations characterizing the state of mind of another person. *See R.C.M. Executive Gallery Corp. v. Rols Capital Co.*, No. 93 Civ. 8571, 1997 WL 27059, *8 (S.D.N.Y. Jan.23, 1997) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). This pleading deficiency is exactly the same as that found by the Court when it considered Rare Medium's motion to dismiss the Original Complaint. *See Wolff*, 171 F.Supp.2d at 360 (holding that this Court even on a Rule 12(b)(6) motion is not required to accept conclusory allegations, in particular allegations characterizing or attributing a state of mind of another person). Accordingly, Rare Medium's motion to dismiss Plaintiffs' tortious interference with contract claim is granted.

### E. *TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE*

To establish a tortious interference with prospective business advantage plaintiff must plead the following elements: (i) there is a business relation with a third party, (ii) defendant interfered with those business relations, (iii) the defendants acted with the sole purpose of harming the plaintiff or used dishonest, unfair, or improper means, (iv) and an injury to the relationship resulted. *See Purgess v. Sharrock*, 33 F.3d 134, 141 (2d Cir.1994). Tortious interference with prospective business advantage requires "more culpable conduct on the part of the defendant" than tortious interference with contractual relations. *NBT Bancorp*, 641 N.Y.S.2d 581, 664 N.E.2d at 496. Plaintiffs' claim for tortious interference with prospective business advantage in the Original Complaint was dismissed in the November 2001 Order because the Court found that the misrepresentation alleged to support the claim was identical to the misrepresentation alleged to support Plaintiffs' tortious

interference with contract claim. *See Wolff*, 171 F.Supp.2d at 361. The Amended Complaint contains the same deficiencies.

Like the Original Complaint, Plaintiffs base the two respective claims for tortious interference with contractual relations and tortious interference with business prospective on the same alleged misrepresentation. (Am.Compl.¶ 70.) The Court specifically stated that the Original Complaint was deficient because it based the torts claims on the same alleged misrepresentation. *See Wolff*, 171 F.Supp.2d at 361. The Court clearly stated that "more culpable conduct on the part of the defendant is required" to sufficiently plead a tortious interference with business prospective claim. *See id.* at 360. Moreover, Plaintiffs' tortious interference with business prospective claim is also deficient for the same reason as their tortious interference with contractual relations claim: both fail to plead the alleged fraudulent misrepresentation with particularity. *See* Fed. R.Civ.P. 9(b); *Koenig*, 25 F.3d at 1173.

Accordingly, Rare Medium's motion to dismiss Plaintiffs' claim of tortious interference with prospective business advantage is granted.

Because the Court has previously granted the Plaintiffs opportunity to replead and they have failed to cure the deficiencies found in the Original Complaint, the Amended Complaint is dismissed with prejudice. *See Faulkner v. Verizon Communications, Inc.*, 189 F.Supp.2d 161, 174 (S.D.N.Y.2002) (dismissing plaintiffs' amended complaint with prejudice because plaintiffs were already given, an opportunity to replead and still failed to state a cognizable legal claim).

### III. *CONCLUSION AND ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that the Court's Order dated June 27, 2002 is amended to incorporate the discussion set forth herein; and it is further

**ORDERED** that the defendant Rare Medium's motion to dismiss the complaint with prejudice is GRANTED.

**SO ORDERED**