Youlia **MITEVA**, Plaintiff,

v.

**THIRD POINT MANAGEMENT COMPANY, L.L.C.,**
Defendant.

No. 03 Civ. 1671(VM).

United States District Court,
S.D. New York.

Nov. 18, 2003.

---

**5.** *E.g., Kastigar v. United States,* 406 U.S. 441, 448, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972)

**6.** *See McSherry,* 226 F.3d at 156–57.

Andrew G. Celli, Jr., Emery Celli Brinckerhoff & Abady LLP, New York City, for plaintiff.

Brian Dunefsky, Marc S. Drier, LLP, New York City, for defendant.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Youlia Miteva ("Miteva") requested leave to file an amended complaint pursuant to Fed.R.Civ.P. 15 in order to assert a claim of tortious interference with prospective business relations against Daniel Loeb ("Loeb"), who is the Managing Member and principal owner of defendant Third Point Management Co., L.L.C. ("Third Point") and who is not now a party to the instant litigation. Miteva argues that the circumstances upon which the proposed claim are based did not clearly come to light until a recent deposition of Loeb. Third Point opposes the request, asserting that it comes late in the pretrial proceedings, just one week from the current discovery deadline, and that the purported claim has no merit and thus would be futile.

Having considered the parties' submissions and arguments, the Court is not persuaded that Third Point would experience significant prejudice from allowing Miteva to file an amended complaint. Rule 15 instructs that leave to amend a complaint "shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). *See Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110 (2d Cir.2001). The Court finds no evidence in Miteva's request to suggest undue delay, bad faith, futility or undue prejudice to Third Point. *See id.* As articulated by Miteva, the additional claim bears a sufficient connection to the balance of Miteva's other causes of action, and Loeb himself is described as so integrally related to Third Point and the events underlying Miteva's original claims, to justify granting the request. *See Tokio Marine & Fire Ins. Co. Ltd. v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir.1986).

On the basis of Miteva's proposed amendment alone, the Court cannot properly find at this stage of the proceedings that Miteva can assert no set of facts that would entitle her to relief on her new claim, and therefore that the amended complaint would not withstand a motion to dismiss pursuant to Rule 12(b)(6). *See Milanese*, 244 F.3d at 110. While the Court is mindful that discovery with regard to the parties' dispute is nearly complete, and that the contemplated amendment may occasion some delay, the Court does not consider the enlargement of time likely to result to be unduly prejudicial to Third Point. The Court will extend the discovery deadline for thirty days to allow the parties to address any issues raised in the amended complaint.

Moreover, at this stage of the proceedings, in light of the generalized pleading standard permitted by Fed.R.Civ.P. 8, the Court cannot prejudge the sufficiency of Miteva's allegations, nor the merits of her claim or its likelihood of success. There is no requirement that the amended complaint set forth detailed concrete evidence in order to assert a tortious interference claim. *Cf. Wolff v. Rare Medium, Inc.*, No. 01 Civ. 4279, 2001 WL 1448476, *4 (S.D.N.Y. Nov. 15, 2001) (setting forth the elements of a claim for tortious interference with prospective business relations). In the event Miteva fails to state sufficient facts to give fair notice and satisfy the minimum pleading standards under Rule 8, such deficiency may be tested on a proper Rule 12(b)(6) motion in lieu of an answer.

### ORDER

For the reasons set forth above, it is hereby

**ORDERED** that plaintiff Youlia Miteva is authorized to file, within ten days of the date of this Order, an amended complaint for the purpose of asserting a claim of tortious interference with prospective business relations against Daniel Loeb; and it is further

**ORDERED** that the discovery deadline of November 18, 2003 is extended for thirty days.

**SO ORDERED.**