■ TROUT ACQUISITION CORP. et al., Appellants, v PENN CENTRAL CORPORATION, Respondent.—Judgment, Supreme Court, New York County (Irma Vidal Santaella, J.), entered October 6, 1988, which dismissed the complaint, unanimously affirmed, without costs.

Plaintiffs' complaint arises out of 1984 negotiations for the purchase of defendant's interests in the site occupied by Madison Square Garden. By letter of April 16, 1984, the broker employed by plaintiffs' principal, Morris Karp, transmitted an offer to defendant to purchase such interests for $37,750,000, payable over three years, with the contract date specified to be "[i]mmediately upon completion of documents". Later that month, Karp's attorneys prepared and transmitted a lengthy draft of a proposed contract of sale, which defendant's representative rejected, urging a restructuring of the transaction from one for the sale of real estate to one involving the sale of interests in a partnership which would be created to hold defendant's interests in the site. This change was incorporated by Karp's attorneys into a second draft of a proposed contract of sale, which was transmitted to defendant with a May 15, 1984 covering letter, noting that Karp had not reviewed the proposed terms and it was, therefore, subject to his revisions. It is clear that the terms of the second draft were never accepted by defendant, since a third draft of the proposed contract was prepared and transmitted by Karp's attorneys and, thereafter, there were disagreements on matters as basic as the description of what was to be conveyed. By letter of August 2, 1984, defendant's representative informed the broker that the executive committee of the board of directors had "authorized the transaction which is the subject matter of your April 16, 1984 letter to me, subject to counsel's satisfaction with the documents." But, on September 17, 1984, defendant entered into a contract to sell its interests to a third party. Plaintiffs then brought this action alleging, *inter alia,* breach of a binding agreement to sell the interests, the terms of which the parties contemplated would be subsequently memorialized in a formal document, fraud, and lack of good faith.

Given that there was no dispute that between April 16th and August 2nd, the terms of the proposed transaction had been transformed from a sale of real estate to one for the sale of partnership interests, defendant's authorization of "the transaction which is the subject matter of your April 16, 1984 letter" cannot be taken as an agreement by defendant on all substantial terms, leaving nothing left for further settlement. Further, in these circumstances, the employment of the conditional language, "subject to counsel's satisfaction with the documents", leaves no doubt that defendant reserved to itself the right not to be bound until a formal contract of sale was drawn up and executed *(Brause v Goldman,* 10 AD2d 328, *affd* 9 NY2d 620; *Matter of Municipal Consultants & Publishers v Town of Ramapo,* 47 NY2d 144). This conclusion is only reinforced by the care with which plaintiffs' principal refrained from binding himself to the purchase obligation, specifying in his broker's April 16th letter that the contract date was to be "[i]mmediately upon completion of documents" and, in the covering letters to subsequent drafts of the proposed contract, specifying that the terms were subject to his review. The record fails to raise any material issue of fact as to whether either party rescinded their previously reserved right not to be bound until execution of a formal contract subsequent to August 2nd, whether orally or in writing; rather, it is evident that, without ever executing a formal contract, the parties continued their negotiations up to September 13th. Until such time as the parties reached a binding agreement, defendant was free to negotiate with other parties or to withdraw from its negotiations with plaintiffs. *(Brause v Goldman,* 10 AD2d, *supra,* at 332; *see also, Kaelin v Warner,* 27 NY2d 352; *cf., Horn & Hardart Co. v Pillsbury Co.,* 888 F2d 8.) Concur—Kupferman, J. P., Sullivan, Carro, Rosenberger and Ellerin, JJ.