■ WURMFELD ASSOCIATES, P. C., Respondent, v HARLEM INTERFAITH COUNSELING SERVICES, INC., et al., Defendants, and MT. MORRIS WEST DEVELOPMENT CORPORATION, a Wholly Owned Subsidiary of New York State Urban Development Corporation, et al., Appellants. (Action No. 1.) RESOURCE PLANNING & DEVELOPMENT LTD., Respondent, v HARLEM INTERFAITH COUNSELING SERVICES, INC., Defendants, and MT. MORRIS WEST DEVELOPMENT CORPORATION, a Wholly Owned Subsidiary of New York State Urban Development Corporation, Appellants. (Action No. 2.)

Plaintiff in action No. 1 is an architectural firm, which rendered services to defendant Harlem Interfaith Counseling Services (HICS) with respect to the rehabilitation of certain property owned by HICS, pursuant to a June 8, 1977 contract between those two parties. Plaintiff in action No. 2 is a real estate development consulting firm, which rendered services to HICS with respect to the same project under a January 1, 1978 contract between those two parties. Services under these agreements commenced in 1976, but groundbreaking did not occur until 1982, after HICS and UDC allegedly orally agreed that UDC would fund and control the project.

In 1983, the N. Y. State Public Authorities Control Board approved public financing for the project. HICS, UDC and its specially created subsidiary, Mt. Morris West Development Corporation (Mt. Morris), entered into a sale-leaseback agreement. In 1984, HICS conveyed the property to Mt. Morris, which then leased the property back to HICS. Construction stopped in 1986, and as here pertinent, never resumed. In 1987, plaintiffs entered into modification agreements with HICS, under which plaintiffs agreed to accept a reduced amount of unpaid fees if construction were to resume, and if construction did not resume (which turned out to be the case), then the agreements would not constitute a waiver of plaintiffs' rights to recover the full amounts owed to them by HICS.

In 1989, the two plaintiffs filed mechanic's liens against the defendants. The second cause of action against Mt. Morris and its parent UDC alleges that although neither executed the contracts here in issue, after 1983 UDC "controlled the purse strings and the construction" of the project, that plaintiffs were accountable to UDC, and that UDC held funds earmarked for the discharge of HICS's obligations to plaintiffs. Accordingly, the plaintiffs sought foreclosure of their mechanic's liens. Plaintiffs alternatively alleged that if the liens were void, then the defendants were liable in quasi-contract by reason of their control over HICS and the direction they exercised over plaintiffs' services. A third cause of action alleged accounts stated against all defendants except PJR Construction Corp., the general contractor.

After answering, Mt. Morris, UDC and the State of New York (the State defendants) moved in each action to dismiss the complaints for failure to state a cause of action. The IAS court granted the motions to the extent of dismissing the third causes of action against those defendants, and otherwise denied the motions. The court recognized that plaintiffs had not alleged any agreement or contractual relationship between them and the State defendants, but nevertheless perceived a cause of action based upon promissory estoppel (see, Swerdloff v Mobil Oil Corp., 74 AD2d 258, lv denied 50 NY2d 913).

On appeal, plaintiffs concede that their Lien Law claims cannot survive, and those claims are accordingly dismissed. The IAS court's promissory estoppel theory must also be rejected, because the record is devoid of the requisite allegation or evidence of a clear promise by defendants UDC or Mt. Morris to be obligated to the plaintiffs (Ripple's of Clearview v Le Havre Assocs., 88 AD2d 120, lv denied 57 NY2d 609).

Indeed, the contracts were executed solely by HICS and the plaintiffs, and the 1987 modification agreement expressly negated contractual liability by the State defendants to plaintiffs for the amounts due. Moreover, we observe that plaintiffs' services commenced approximately seven years before the conveyance implementing defendants' involvement in the project; thus plaintiffs' services could not have been performed in reasonable reliance on any promise or representation, express or implied, on the part of the State defendants, that any of them would be responsible for the payments here claimed to be due. Concur—Murphy, P. J., Carro, Wallach and Asch, JJ.