■ WISCOVITCH ASSOCIATES, LTD., Appellant, v PHILIP MORRIS COMPANIES, INC., Respondent. [598 NYS2d 193] —Order, Supreme Court, New York County (Carol Arber, J.), entered April 17, 1992, which granted the defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, to reinstate the cause of action for fraud, and otherwise affirmed, without costs.

The Supreme Court properly granted the defendant's motion to dismiss the breach of contract cause of action since the record clearly establishes that the parties did not intend the purported oral agreement to be binding until it was reduced to writing and signed by both of them (Scheck v Francis, 26 NY2d 466; Daly v Becker, 109 AD2d 651; Cohrn v Sadler, 147 AD2d 922). Moreover, essential terms, such as the specific nature of the services to be provided, the manner in which the plaintiff would be compensated, the method and means of termination, indemnification, confidentiality and the length of time required for the exclusivity of the plaintiff's services, had yet to be negotiated. Since any reliance by the plaintiff upon this alleged oral promise was, therefore, unreasonable and unwarranted, the plaintiff's claim of promissory estoppel is similarly unavailing (Wurmfeld Assocs. v Harlem Interfaith Counseling Servs., 179 AD2d 502, lv dismissed 79 NY2d 1027; Sanyo Elec. v Pinros & Gar Corp., 174 AD2d 452).

It was error, however, to dismiss the cause of action for fraud. In order to maintain an action for fraudulent misrepresentation, the plaintiff must show that the defendant made a representation of material existing fact, falsity, scienter, deception and injury (Channel Master Corp. v Aluminium Ltd. Sales, 4 NY2d 403, 406-407).

Considering the plaintiff's allegations as true, the parties orally agreed to enter into a written contract. However, prior to sending the plaintiff this contract, the defendant, in an inter-office correspondence, stated its intention not to employ the plaintiff except when needed under exceptional circumstances. The plaintiff refused to sign the subsequently written contract that was delivered for its signature. As evidenced by this inter-office memorandum, the defendant orally agreed to enter into an employment contract with the plaintiff knowing it would renege.

The plaintiff's fraud claim is not, therefore, based on its breach of contract claim but rather on the defendant's act of concealing its intention to renege on the agreement soon after entering into it (see, Brown v Lockwood, 76 AD2d 721, 731-732). The fact that we find the oral agreement unenforceable does not preclude the defendant's liability in tort for fraudulently misrepresenting itself as intending to perform the agreement (Channel Master Corp. v Aluminium Ltd. Sales, supra, at 408).

Since the plaintiff further alleged that it was injured by the defendant's representation, in that it turned down assignments from competitors of the defendant, a cause of action for fraud was stated. Concur—Sullivan, J. P., Rosenberger, Wallach and Kupferman, JJ.