■ JOHN ROGERS et al., Respondents, v TOWN OF ISLIP, Appellant, et al., Defendants. [646 NYS2d 158] —In an action to recover damages for wrongful termination, the defendant Town of Islip appeals from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated July 12, 1995, as denied those branches of its motion pursuant to CPLR 3211, which were to dismiss the second and sixth causes of action of the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On July 16, 1993, the plaintiff John Rogers was dismissed by his employer, the defendant Town of Islip, allegedly in violation of Rogers' considerable seniority rights. In this action, Rogers and his wife sought damages based upon, *inter alia,* promissory estoppel. The Town of Islip moved to dismiss the complaint pursuant to CPLR 3211 for failure to state a cause of action.

The Supreme Court dismissed most of the plaintiffs' causes of action, finding that the plaintiffs had failed to state a cause of action upon which relief could be granted. However, the court found that the plaintiffs had properly pleaded a cause of action for promissory estoppel. We affirm.

To establish a viable cause of action sounding in promissory estoppel, a plaintiff must allege (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the party to whom the promise is made, and (3) an injury sustained in reliance on the promise *(see, Ripple's of Clearview v Le Havre Assocs.,* 88 AD2d 120, 122). The plaintiffs in this action alleged all of these elements, and at this stage of the proceedings, their allegations must be taken as true *(see, Sanders v Winship,* 57 NY2d 391, 394). Although the plaintiffs will be

required, at trial, to prove the specific details of each of the elements *(see, Swerdloff v Mobil Oil Corp.,* 74 AD2d 258, 263), no such detailed showing is required to survive a motion to dismiss pursuant to CPLR 3211.

Since the claim sounding in promissory estoppel was adequately pleaded, the derivative claim on behalf of the plaintiff Barbara Rogers was also properly allowed to stand. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.