■ CASALINO INTERIOR DEMOLITION CORPORATION, Respondent, v CUSTOM DESIGN DATA, INC., Doing Business as CUSTOM DESIGN DATA, et al., Defendants, and INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellant. [653 NYS2d 35] —In an action, *inter alia,* to recover damages for breach of contract and

negligence, the defendant International Business Machines Corporation appeals from so much of an order of the Supreme Court, Queens County (Dye, J.), dated September 8, 1995, as denied its motion to dismiss the complaint insofar as asserted against it.

Ordered that the order is modified by deleting the provision denying the branches of the appellant's motion which were to dismiss the plaintiff's second and fourth causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The appellant is entitled to dismissal of the plaintiff's second cause of action, alleging a breach by the appellant of the implied covenant of good faith. Such a breach is merely an element of the damages for the breach of contract alleged in the plaintiff's first cause of action (see, Canstar v Jones Constr. Co., 212 AD2d 452). The appellant is also entitled to dismissal of the plaintiff's fourth cause of action. That cause of action essentially alleges that the appellant was negligent in permitting the defendants Custom Design Data, Inc. d/b/a Custom Design Data and Donald Johnston to become its "Business Partners" in providing computer consulting services to the public. However, since there is no tort of "computer consulting malpractice" in this State (see, RKB Enters. v Ernst & Young, 182 AD2d 971), there cannot be liability for any negligence in investigating the qualifications of any entity alleged to be negligent in providing such services.

It was not an improvident exercise of discretion for the court to deny the remainder of the motion without prejudice to renewal after discovery was completed (see, CPLR 3211 [d]). We make no determination as to the viability of any tort claims asserted against the remaining defendants, since they have not appealed from the order. Bracken, J. P., O'Brien, Florio and Luciano, JJ., concur.