■ FRYDMAN & COMPANY et al., Appellants-Respondents, v CREDIT SUISSE FIRST BOSTON CORPORATION et al., Respondents-Appellants. [708 NYS2d 77] —Order, Supreme Court, New York County (Barry Cozier, J.), entered December 1, 1999, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) to the extent of dismissing the first, fourth, fifth, sixth, and seventh causes of action, unanimously modified, on the law, to deny the motion as to the first cause, sounding in breach of fiduciary duty, and to reinstate that cause, and otherwise affirmed, without costs.

In connection with the unsuccessful attempt by plaintiffs (collectively, Frydman) to acquire Starrett Corporation (Starrett), Frydman obtained financing commitments from defendants (collectively, CSFB). CSFB also entered into a written agreement, dated June 30, 1997 (the June 1997 Agreement) that, *inter alia*, it would maintain the confidentiality of non-public information provided to it by Frydman for purposes of evaluating the transaction, would not use such information for other purposes, and would refrain from financing any other prospective acquirer of Starrett for a specified time. The complaint further alleges that CSFB, in addition to committing to provide financing, furnished investment banking advice and negotiating services to Frydman in connection with the contemplated transaction.

As alleged in the complaint, the Starrett Board of Directors terminated negotiations with Frydman on October 9, 1997, and then, on October 14, 1997, voted to approve a proposal by another potential acquirer (Ruben Group), to which CSFB issued a financing commitment on October 16, 1997. The Ruben Group ultimately acquired Starrett, and Frydman thereafter commenced this action against CSFB, asserting causes of action for breach of fiduciary and breach of contract, among others. On CSFB's motion pursuant to CPLR 3211 (a) (1) and (7), the Supreme Court dismissed all causes of action except the second, for breach of the June 1997 Agreement, and the third, for breach of the implied covenant of good faith and fair dealing arising from the final financing commitment CSFB issued to Frydman.

We modify the order of the Supreme Court to reinstate the first cause of action, for breach of fiduciary duty, on the ground that the allegations of the complaint that CSFB provided Fryd-

man with investment banking advice and other services, including conducting negotiations with Starrett on Frydman's behalf, in connection with the attempted acquisition, raise an issue of fact as to whether CSFB owed Frydman a fiduciary duty. Although the parties did not enter into a written agreement for the provision of investment banking services and none of their written agreements provided that a fiduciary relationship would exist, "it is not mandatory that a fiduciary relationship be formalized in writing," and "the ongoing conduct between the parties may give rise to a fiduciary relationship that will be recognized by the courts" (*Wiener v Lazard Freres & Co.*, 241 AD2d 114, 122; *see also, Mandelblatt v Devon Stores*, 132 AD2d 162, 168 [fiduciary relationship exists when one person " 'is under a duty to act for or to give advice for the benefit of another upon matters within the scope of relation' "], quoting Restatement [Second] of Torts § 874, comment *a*; *compare, Northeast Gen. Corp. v Wellington Adv.*, 82 NY2d 158 [no fiduciary relation arose from agreement to provide finder services in absence of express contractual provision therefor]). The clause of the June 1997 Agreement providing that legal obligations would not arise "by virtue of this agreement" except as specifically agreed to therein or in other written agreements does not preclude the finding of a fiduciary duty arising from CSFB's alleged provision of investment banking services, which duty would not exist "by virtue of" the June 1997 Agreement.

We affirm the Supreme Court's denial of the motion as to the second cause of action, for breach of the June 1997 Agreement. The complaint alleges that CSFB breached its obligation to refrain from facilitating a transaction between Starrett and another potential acquirer prior to the time Frydman "no longer is actively involved in these Transactions", and an issue of fact exists as to whether CSFB, which allegedly prepared a draft financing commitment for Ruben Group on October 10, 1997, began working to assist the Ruben Group prior to October 9, 1997, the date Starrett cut off talks with Frydman. A further issue of fact exists as to whether the steps Frydman allegedly took to further its interest in acquiring Starrett after October 9, 1997, including seeking CSFB's advice as to its options and giving consideration to making a hostile tender offer, constituted being "actively involved" in pursuing a transaction with Starrett within the meaning of the contract. In addition, the complaint identifies several types of written information covered by the confidentiality provisions of the June 1997 Agreement that Frydman allegedly provided to CSFB, including a complete business plan for Starrett and confidential conclusions as to the company's value, and Frydman is entitled

to discovery to determine whether CSFB used or disclosed any of such information so as to breach the agreement (*see, ADT Operations v Chase Manhattan Bank*, 173 Misc 2d 959, 969).

We also affirm the denial of the motion as to the third cause of action on the ground that CSFB's alleged facilitation of an acquisition by Ruben Group would have tended to have the effect of destroying or injuring Frydman's right to receive the fruits of the CSFB's final financing commitment to it, in violation of the implied covenant of good faith and fair dealing arising thereunder (*see, e.g., A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 31). We further note that, under the circumstances alleged in the complaint, Frydman has sufficiently pleaded that, but for CSFB's alleged breaches, Frydman would have acquired Starrett.

We affirm the dismissal of the remaining causes of action. The complaint does not satisfy the element of a transfer for the fourth cause of action, for imposition of a constructive trust on the equity interest in Starrett CSFB obtained as a result of the Ruben Group acquisition (*see, Sharp v Kosmalski*, 40 NY2d 119, 121). The fifth and sixth causes of action, for fraud and negligent misrepresentation, respectively, simply duplicate the causes of action for breach of fiduciary duty and breach of contract, and are therefore legally insufficient (*see, Krantz v Chateau Stores*, 256 AD2d 186, 187). The seventh cause of action, for unjust enrichment, seeks to recover a $250,000 deposit that CSFB retained pursuant to the final financing commitment, and such quasi-contractual claim is therefore barred by the existence of a valid and enforceable written contract (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388). The Supreme Court also correctly concluded that Frydman's conclusory allegations did not, as a matter of law, state a theory for corporate veil-piercing. Concur—Sullivan, P. J., Rosenberger, Williams, Wallach and Friedman, JJ.