**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NATIONAL MORTGAGE
CORPORATION, a Colorado
corporation,

　　　　　Plaintiff - Appellant,

v.

GREENWICH CAPITAL FINANCIAL
PRODUCTS, INC.,

　　　　　Defendant - Appellee.

No. 02-1033
D.C. No. 00-M-321
(D. Colorado)

**ORDER AND JUDGMENT** *

Before **HENRY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* 　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant National Mortgage Corp. (NMC) appeals the district court's entry of summary judgment in favor of defendant-appellee Greenwich Capital Financial Products, Inc. (Greenwich). Federal jurisdiction is based on diversity of citizenship. See 28 U.S.C. § 1332. We exercise appellate jurisdiction under 28 U.S.C. § 1291, and affirm.

Background

The district court ably described the underlying facts in its January 2, 2002 memorandum and order. Therefore, we do not repeat them but, instead, recite only those facts necessary to our decision.

In 1997, the parties entered into an agreement whereby Greenwich provided warehouse credit financing to fund sub-prime mortgage loans NMC purchased and packaged for sale to investors. The original contract was extended seventeen times and each extension was in writing, as required by the original contract. The final written extension required Greenwich to provide funds through April 23, 1999. The contract and each written extension provided that New York law applied to any legal action based on the contract.

NMC alleged that Greenwich orally promised to extend the contract through April 30, 1999, on the condition that NMC obtain a substitute warehouse lender or a purchaser of NMC's loans. NMC claimed that it met the condition for continued funding from Greenwich, but Greenwich failed to perform under the

-2-

oral agreement. For various reasons, Greenwich wanted to terminate its contractual relationship with NMC. Greenwich's position was that after April 23, it had no further obligation to provide funding. Greenwich ceased funding as of April 23, which NMC alleges forced it out of business.

NMC sued Greenwich, alleging several theories of liability. By an order dated May 15, 2000, the district court granted summary judgment to Greenwich on NMC's claims for breach of contract and promissory estoppel. The parties then engaged in discovery and Greenwich moved for summary judgment on the remaining claims. The district court granted the motion by an order dated January 2, 2002. NMC filed a timely notice of appeal.

On appeal, NMC pursues only three of its substantive claims: breach of contract, promissory estoppel, and breach of the covenant of good faith and fair dealing. Its other claims have been abandoned on appeal because they were not raised in the opening brief. State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994). NMC also asserts that the district court erred when it denied leave to amend the complaint and when it converted Greenwich's motion to dismiss into a motion for summary judgment.

### Choice of Law

The district court applied the law of New York. Greenwich argues that Colorado law should apply to the alleged oral agreement to continue funding

beyond April 23. The original contract and each amendment to it clearly stated that New York law would apply. Greenwich maintains those choice-of-law clauses apply only to the written agreements but not to the alleged oral agreement because it was an entirely new contract.

Our review of the district court's decision to apply New York law is de novo. Doering ex rel. Barrett v. Copper Mountain, Inc., 259 F.3d 1202, 1209 (10th Cir. 2001). A federal court sitting in diversity looks to the forum state's choice-of-law provisions to determine the effect of the contract's designation. Lyon Dev. Co. v. Bus. Men's Assurance Co. of Am., 76 F.3d 1118, 1122 (10th Cir. 1996). Colorado generally recognizes as valid a contract's choice of law. See Hansen v. GAB Bus. Servs., Inc., 876 P.2d 112, 113 (Colo. Ct. App. 1994) (noting exceptions where no reasonable basis for choice or law of chosen state is contrary to fundamental policy of state whose law would otherwise govern). Because the record demonstrates that the alleged oral contract was another extension of the original contract, we apply New York substantive law.

Standard of Review

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and

the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). We look to the applicable substantive law when evaluating whether a fact is material. Revell v. Hoffman, 309 F.3d 1228, 1232 (10th Cir. 2002). "To determine whether a dispute is genuine, we must consider whether a 'reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). Applying these standards, we determine that NMC cannot establish a genuine issue for trial.

Analysis

We first address NMC's claim that the district court committed reversible error by converting Greenwich's motion to dismiss into a motion for summary judgment. NMC complains that it was denied the mandatory ten-day advance notice when the district court announced at the beginning of the hearing that the motion would be treated as one for summary judgment. NMC did not interpose an objection at the hearing, but first raised the issue in its motion to reconsider the summary judgment order.

"The general rule is that noncompliance with the time and notice provisions of Fed. R. Civ. P. 56(c) deprives the court of authority to grant summary judgment." Prospero Assocs. v. Burroughs Corp., 714 F.2d 1022, 1024 (10th Cir. 1983). This rule may be waived, however, and has been deemed waived where

the opposing party had actual notice that the motion to dismiss was being converted to a summary judgment motion but failed to object. Id. at 1024-25; Jarvis v. Nobel/Sysco Food Servs. Co., 985 F.2d 1419, 1423-24 (10th Cir. 1993). Here, NMC had actual notice of the conversion and failed to object. Accordingly, we deem the notice requirement waived.

On the merits, NMC alleges that Greenwich orally agreed to extend the termination date of the contract through April 30, 1999. As evidence of an oral agreement, NMC relies on Greenwich's statements that to obtain an extension beyond the April 23, 1999 expiration date, NMC would have to secure, or at least demonstrate "positive movement" toward securing, a new take-out for the loans or a replacement warehouse facility. See, e.g., Appellant's Opening Br. at 7. NMC asserts that the deposition testimony of William Gallagher and Robert McGinnis, Greenwich's Chief Credit Officer and Managing Director of Asset Backed Finance, respectively, establishes the existence of a contract. Mr. Gallagher's testimony shows that Greenwich would have considered providing additional funding if NMC had met certain conditions. E.g., Appellant's App., Vol. III, tab 18, at 946-47, 955-60. His testimony does not show, however, that he promised that Greenwich would continue to fund past April 23. NMC asserts that Mr. Gallagher testified that Greenwich was compelled to provide additional funding, thus demonstrating that a binding promise was made. Mr. Gallagher

said, "[NMC may have made] progress but we did not think it was sufficient to compel us to make additional advances under the warehouse facility." Id. Vol. III, tab 18, at 965. This statement, without more, and in the context of Mr. Gallagher's full testimony, is insufficient to demonstrate a genuine issue for trial. Likewise, Mr. McGinnis stated that Greenwich would have provided more funds if certain conditions were met, id. Vol. III, tab 18, at 1021-25, but his testimony does not establish a promise to extend the contract.

The deposition testimony of NMC's witnesses also does not demonstrate that Greenwich agreed to extend the contract to April 30. NMC's President, Steven Chotin, testified that Mr. Gallagher's response to his request for funding past April 23, was "Let's see how you progress." Id. Vol. I, tab 13, at 263. Howard Glicksman, NMC's General Counsel, testified that on April 23, Mr. Gallagher told him that because NMC did not have a firm commitment from an alternate lender, Greenwich would not provide funding. Id. Vol. I, tab 13, at 270. Mr. Gallagher also said that if NMC got a firm commitment to bring in an alternate lender, Greenwich would resume funding. Id.

NMC points to no evidence of Greenwich's agreement to provide funds beyond April 23. The evidence demonstrates that Greenwich agreed only to consider providing additional funding if NMC met certain ambiguous conditions. NMC failed to make the required showing that there was "a manifestation of

mutual assent to essential terms." Express Indus. & Terminal Corp. v. N.Y. Dep't of Transp., 715 N.E.2d 1050, 1053 (N.Y. 1999) (quotation omitted). Therefore, no oral contract was formed and Greenwich was not required to provide funds after the written contract, as extended, expired by its own terms on April 23.

Even if we could conclude that Greenwich orally agreed to extend the contract to April 30, the oral contract would be unenforceable under New York's doctrine of definiteness or certainty, which "means that a court cannot enforce a contract unless it is able to determine what in fact the parties have agreed to." 166 Mamaroneck Ave. Corp. v. 151 E. Post Rd. Corp., 575 N.E.2d 104, 105 (N.Y. 1991). Here, the record does not establish the conditions under which Greenwich would be required to provide continued funding. For example, "positive movement" is vague and open to interpretation. It is unclear whether NMC was required to, and did, obtain a substitute lender for loans not having a perfected security interest ("wet-ink" loans). NMC can identify no evidence that required Greenwich to accept the documents it now claims showed sufficient progress to compel it to extend the contract. Accordingly, the alleged oral contract is unenforceable.

Because NMC had no enforceable right to continued funding past April 23, its claim for breach of contract was properly denied. Similarly, NMC's promissory estoppel claim cannot survive in the absence of a promise by

Greenwich.  See Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76, 85 (2d Cir. 2001); Rogers v. Town of Islip, 646 N.Y.S.2d 158, 158 (N.Y. App. Div. 1996).  Moreover, NMC's claim for breach of the implied covenant of good faith also fails because "[s]uch a breach is merely an element of the damages for the breach of contract."  Casalino Interior Demolition Corp. v. Custom Design Data, Inc., 653 N.Y.S.2d 35, 36 (N.Y. App. Div. 1997).

Finally, we address NMC's challenge to the district court's order denying its request to amend its complaint, which we review for an abuse of discretion. Wessel v. City of Albuquerque, 299 F.3d 1186, 1196-97 (10th Cir. 2002). In its first motion to amend, NMC sought to restate its claims alleging breach of contract and promissory estoppel.  Given our conclusion based on the entire record that no oral contract was formed, amendment of NMC's complaint would have been futile.  See Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir.), cert. denied, 122 S. Ct. 274 (2001).  NMC's second motion to amend proposed to add a claim for equitable estoppel, as well as to restate the other two claims, but because NMC did not object to the magistrate judge's order denying the second motion to amend, we do not consider it.  See Pippinger v. Rubin, 129 F.3d 519, 533-34 (10th Cir. 1997) (appellate court generally does not review magistrate judge's order where party failed to file written objections).  Accordingly, we find no abuse of discretion.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge