■ RESURGENCE ASSET MANAGEMENT, LLC, Appellant, v BASTION CAPITAL FUND, LP, et al., Respondents. [760 NYS2d 662] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Rudolph, J.), entered June 17, 2002, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, (2) an order of the same court dated June 19, 2002, which denied its motion for expedited discovery and a prompt trial, and (3) so much of an order of the same court entered

November 18, 2002, as, upon renewal, adhered to the prior determinations.

Ordered that the appeals from the order entered June 17, 2002, and the order dated June 19, 2002, are dismissed, as those orders were superseded by the order entered November 18, 2002; and it is further,

Ordered that the order entered November 18, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court correctly dismissed the cause of action to recover damages for breach of contract based on an alleged oral agreement (*see* CPLR 3211 [a] [1], [7]; *Maas v Cornell Univ.,* 94 NY2d 87 [1999]; *Leon v Martinez,* 84 NY2d 83 [1994]; *Teitler v Pollack & Sons,* 288 AD2d 302 [2001]; *Kenneth R. v Roman Catholic Diocese of Brooklyn,* 229 AD2d 159 [1997], *cert denied* 522 US 967 [1997]). The documentary record alone established that the parties never agreed to all the material terms of the proposed sale and therefore the defendants were not contractually bound (*see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.,* 93 NY2d 584 [1999]; *Scheck v Francis,* 26 NY2d 466 [1970]; *Trout Acquisition Corp. v Penn Cent. Corp.,* 156 AD2d 298 [1989]). Furthermore, the plaintiff failed to make out the elements of a cause of action to recover damages for promissory estoppel (*see Gurreri v Associates Ins. Co.,* 248 AD2d 356 [1998]; *Gary Powell, Inc. v Mendel/Borg Group,* 237 AD2d 407 [1997]; *Wiscovitch Assoc. v Philip Morris Cos.,* 193 AD2d 542 [1993]; *WE Transp. v Suffolk Transp. Serv.,* 192 AD2d 601 [1993]). Upon renewal, the Supreme Court, inter alia, properly adhered to its prior determination dismissing the complaint (*see* CPLR 2221 [e] [2]).

In light of this determination, we need not reach the parties' remaining contentions. Feuerstein, J.P., Friedmann, Luciano and Townes, JJ., concur.