**ARI AND CO., INC., Plaintiff,**

v.

**REGENT INTERNATIONAL CORPORATION,
Defendant.**

**No. 03 CV 0835(VM).**

United States District Court,
S.D. New York.

July 24, 2003.

Stephen Wagner, Cohen, Tauber, Spievack & Wagner LLP, New York City, for Plaintiff.

## DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Ari & Co., Inc. ("Ari") commenced this action against defendant Regent International Corporation ("Regent") alleging breach of a marketing and sales agreement (the "Agreement") between the parties. Ari asserts three claims for relief against Regent. Two of the claims are based on breach of contract and allege termination of the Agreement without cause and failure to pay an incentive commission and commissions due to sales made prior to the termination of the Agreement. The third claim asserts breach of the implied covenant of good faith and fair dealing, alleging that Regent established independent relationships with some or all of Ari's customers, effectively eliminating Ari from providing those customers with sales and marketing services and avoiding payment of fees and commissions to Ari.

Regent moves to dismiss the third claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the claim is entirely duplicative of Ari's breach of contract claims and that it seeks to recover damages that are intrinsically tied and identical to the damages related to the alleged breaches of the Agreement. For the reasons stated below, Regent's motion to dismiss is GRANTED.

## I. FACTS

In its complaint, Ari alleges that in or about January of 2001 Regent, a manufacturer and distributor of women's casual and sportswear apparel, sought assistance from Ari, a freelance sales and marketing company specializing in the apparel industry, to open channels of distribution with large retail chain stores. Specifically, Regent asked Ari to oversee Regent's sales staff, introduce Regent to Ari's contacts at, among others, large retail chain stores, and build channels of distribution for sale of Regent's products. Sometime prior to January 1, 2001, Ari accepted Regent's offer to provide these services. From January 1, 2001 through August 1, 2001, Ari did so pursuant to an oral agreement, the terms of which were later memorialized in the Agreement.

The Agreement, dated November 8, 2001 but effective as of September 1, 2001, set forth the terms of Regent's retention of Ari as its sales representative. In pertinent part, Regent engaged Ari for an initial three-year period, commencing September 1, 2001 and concluding on August 31, 2004. The Agreement provided that Regent could either extend the terms of the Agreement for an additional two years, or pay Ari a cancellation fee equivalent to one year's service fees. In consideration of Ari's performance, Regent would pay Ari: (i) a service fee of $338,400 per year, (ii) a commission based on its sales performance, and (iii) an incentive commission, the criteria for which was set forth in the Agreement. Regent also agreed to reimburse Ari up to $2,000 per month in promotion and entertainment expenses.

The termination clause in the Agreement stated that Regent could terminate the Agreement only "for cause." (Agreement Letter, dated November 8, 2001, attached as Ex. 1 to Plaintiff's Memorandum of Law in Opposition to Defendant's Partial Motion to Dismiss in Lieu of an Answer, ("Pl.Memo") at ¶ 10.) The Agreement stipulated that in the event Regent felt Ari was failing to substantially perform its services, Regent had to deliver a written demand for substantial performance prior to any termination specifically identifying the manner in which Ari was not performing.

The complaint states that from September 1, 2001 to August 31, 2002, Ari generated more than $18 million in sales of Regent's products, approximately 25 to 40

percent of Regent's total sales for that period. Ari further asserts that Regent paid Ari the service fee and a portion of the commissions due, but not the incentive commission owed for that period. For the next four-month period from September 1, 2002 through January 6, 2003, while Ari was opening channels of distribution with major retail chains for Regent, introducing the buyers at such chains to Regent, and generating over $10 million in sales of Regent's products, which accounted for more than 40 percent of Regent's total sales for the period, Regent was directly soliciting representatives from and establishing relationships with Ari-serviced accounts and customers without Ari's knowledge. According to the complaint, by establishing these independent relationships, Regent was able to exclude Ari from the sales and marketing process and avoid paying Ari the fees and commissions that it was contractually obligated to pay under the Agreement.

On or about January 6, 2003, Regent purportedly terminated the Agreement "for cause." (Compl. at ¶ 25.) In a letter dated January 6, 2003, Regent listed the reasons for the termination, which allegedly related to ARI's failure to substantially perform the services, although ARI claims to have never received prior written notice from Regent that it was not substantially performing the services set forth in the Agreement.

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW*

On a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6), the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Leatherman v. Tarrant County Narcotics and Coordination Unit*, 507 U.S. 163, 165, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir.1993). Dismissal is proper only when "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of [the] claim that would entitle [plaintiff] to relief." *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir.1999).

While it is generally the contents of the complaint and not any factual assertions or evidence in extraneous materials in the record that is properly considered at this juncture, "[t]he complaint is deemed to include any written instrument attached to it as an exhibit or any statement or documents incorporated in it by reference." *Lam v. American Express Co.*, 265 F.Supp.2d 225, 228–29 (S.D.N.Y.2003); *see also International Audiotext Network, Inc. v. American and Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (quoting *Cortec Indus., Inc., v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir.1991)). Therefore, in the instant case, the Court will consider the terms of the Agreement, schedule of services and commissions, and account list because in drafting the complaint, Ari referred to and relied upon these documents.

### B. *IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING*

Regent argues that Ari's claim for breach of the covenant of good faith and fair dealing must be dismissed as duplicative of Ari's breach of contract claims. Ari responds that its breach of covenant claim exists as an independent cause of action distinct from its breach of contract claims and should thus be sustained. The Court agrees with Regent and grants the motion to dismiss on three grounds.

It is axiomatic that implicit in all contracts is a covenant of good faith and fair dealing in the course of contract performance. *See Dalton v. Educational Testing Serv.*, 87 N.Y.2d 384, 639 N.Y.S.2d 977, 663 N.E.2d 289, 291–92 (1995). Al-

though breach of this covenant may give rise to a claim of relief, *see Granite Partners, L.P. v. Bear, Stearns & Co.*, 17 F.Supp.2d 275, 305 (S.D.N.Y.1998), there are limitations on its scope. The Second Circuit has indicated that it is the "intent and reasonable expectations" of parties entering into a given contract that fix the boundaries of the covenant of good faith and fair dealing, provided that those expectations are consistent with the express terms of the contract. *Cross & Cross Props., Ltd. v. Everett Allied Co.*, 886 F.2d 497, 502 (2d Cir.1989); *see also Dalton*, 87 N.Y.2d at 389, 639 N.Y.S.2d 977, 663 N.E.2d 289. Hence, the purpose of the implied covenant of good faith is to further an agreement by protecting a promisee against "breach of the reasonable expectations and inferences otherwise derived from the agreement." *TVT Records and TVT Music, Inc. v. The Island Def Jam Music Group*, 244 F.Supp.2d 263, 278 (S.D.N.Y.2003). Such protection cannot exist in the absence of an underlying valid contract. *See Alter v. Bogoricin*, No. 97 Civ. 0662, 1997 WL 691332, at *7 (S.D.N.Y. Nov. 6, 1997) ("[T]he covenant of good faith and fair dealing is not distinct from the underlying contract ..."); *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86, 91 (1983).

■ Accordingly, "New York law ... does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir.2002); *see also Butvin v. DoubleClick Inc.*, No. 99 Civ. 4727, 2001 WL 228121, at *8 (S.D.N.Y. Mar. 7, 2001). This Court has consistently dismissed claims for breach of the implied covenant of good faith as "redundant where the conduct allegedly violating the implied covenant is also the predicate for breach ... of an express provision of the underlying contract." *TVT*, 244 F.Supp.2d at 277; *see also Alter*, 1997 WL 691332, at *7 ("[E]very court faced with a complaint brought under New York law and alleging both breach of contract and breach of a covenant of good faith and fair dealing has dismissed the latter claim as duplicative"). Consequently, a breach of the implied covenant of good faith claim can survive a motion to dismiss "only if it is based on allegations different than those underlying the accompanying breach of contract claim." *Siradas v. Chase Lincoln First Bank, N.A.*, No. 98 Civ. 4028, 1999 WL 787658, at *6 (S.D.N.Y. Sept. 30, 1999). Moreover, where the relief sought by the plaintiff in claiming a breach of the implied covenant of good faith is "intrinsically tied to the damages allegedly resulting from the breach of contract," *Alter*, 1997 WL 691332, at *8, there is no separate and distinct wrong that would give rise to an independent claim.

■ In the instant case, Ari's claim of breach of the implied covenant of good faith and fair dealing rests on Regent's alleged failure to honor the terms of the Agreement. In support of this claim, Ari asserts that Regent unlawfully terminated the Agreement in order to benefit from Ari's contacts in the clothing apparel industry and to avoid paying commissions. However, this assertion is almost identical to that contained in the other two breach of contract claims, which allege that Regent unlawfully terminated the Agreement and failed to pay commissions owed to Ari.

The allegations that constitute Ari's third claim are grounded simply on Ari's suspicion or speculation as to why Regent terminated the contract. Whether documented or not, however, as pled the claim does not state a distinct cause of action based on a separate set of facts. Ari's contention that its third claim is not dupli-

cative of the others because it is premised on breach of "reasonable expectations and inferences" rather than express terms is unfounded in its pleadings. Ari understood, and consequently should have expected, that "customers would be free to deal directly with [Regent] if they so chose." (Pl. Memo at 4.) If any reasonable expectation of Ari's was violated, the breach flowed not from a set of distinguishable facts asserted in the complaint, but directly from Regent's alleged termination of the contract without cause.

Ari supposedly understood that Regent was developing relationships with Ari's business contacts as the Agreement progressed, and would utilize those relationships when the Agreement expired. But it was only when the Agreement was prematurely terminated that Ari alleged a cause of action based on breach of the implied covenant of good faith. To allow claims of such a breach and for breach of contract to coexist, where both are based on the alleged termination of the contract without cause, would be to permit a duplication of a single claim, and hence a redundancy.

That ARI chose not to include the allegations that comprised its third claim within the contents of the two breach of contract claims "does not mean that those acts support a separate claim for breach of an implied covenant of good faith." *Alter*, 1997 WL 691332, at *8. The termination of the contract without cause runs as a common thread through the core facts that give rise to Ari's three claims. It is this claim that is independently justiciable. Because the facts that constitute the breach of the implied covenant claim readily could have been encompassed in Ari's breach of contract claims, the third claim must be dismissed as a separate cause of action. *See generally Harris*, 310 F.3d 73; *TVT*, 244 F.Supp.2d 263; *Alter*, 1997 WL 691332.

■ The breach of the implied covenant claim must also be dismissed because the damages it seeks to recover are identical to those asserted in the breach of contract claims. Under New York law, claims for breach of the implied covenant of good faith which seek to recover damages that are intrinsically tied to the damages allegedly resulting from the breach of contract must be dismissed as redundant. *See, e.g., Casalino Interior Demolition Corp. v. Custom Design Data, Inc.*, 235 A.D.2d 514, 653 N.Y.S.2d 35, 36 (2d Dep't 1995); *see also TVT*, 244 F.Supp.2d at 277–79.

Here, Ari seeks to recover the exact amount in all three claims: "in no event less than One Million Five Hundred Thousand Dollars ($1,500,000) together with interest thereon." (Compl. at ¶¶ 34, 41, 45.) According to the complaint, the damages requested for each of the three claims all arise from Regent's alleged unlawful termination of the Agreement in order to benefit from Ari's contacts in the retail garment industry without having to pay commissions. (*Id.* at ¶ 21.) Thus, the damages requested for the third claim are intrinsically tied to and simply repeat those requested for the first and second claims.

■ Finally, the breach of the covenant of good faith claim must be dismissed because it seeks to recover for obligations that were not explicitly part of the Agreement. New York law is clear that the implied covenant cannot be used to create independent obligations beyond the contract. *See Wolff v. Rare Medium, Inc.*, 210 F.Supp.2d 490, 497 (S.D.N.Y.2002). Ari's third claim points to no terms of the Agreement that expressly prohibit Regent from cultivating relationships with contacts in the industry introduced to it by Ari. On the contrary, as an experienced sales representative, Ari should have reasonably expected that Regent would independently

develop the contacts initiated by Ari during the term of the contract, absent an explicit provision prohibiting such behavior. Moreover, once the Agreement had been carried through to completion of its three-year term, Regent would then have been free to continue to reap the benefits of the relationships it had established. Consequently, to allow the breach of the implied covenant claim to proceed would enable Ari to create independent obligations beyond the terms of the Agreement. *See Granite Partners,* 17 F.Supp.2d at 305.

While Ari asserts that the court should be guided by the holding in *Fyrdman & Co. v. Credit Suisse First Boston Corp.,* 272 A.D.2d 236, 708 N.Y.S.2d 77 (1st Dep't 2000), that case is distinguishable and inapposite. There, the plaintiff sought to recover damages it allegedly suffered when the defendant financed an acquisition of plaintiff's rival. The court rejected the defendant's argument that plaintiff's breach of implied covenant should be dismissed where there was also a breach of contract claim.[1] *Id.* However, in *Fyrdman,* the written agreement contained an express provision governing defendant's ability to finance competitor acquisitions. *Id.* at 79. Thus, the court applied an existing contractual term as a predicate for the breach of the implied covenant of good faith claim. It did not employ the implied covenant of good faith to create a new obligation based on reasonable expectations but not explicitly found in the contract. In the case at hand, the Agreement contained no express provision prohibiting Regent from cultivating ARI's contacts, and this behavior was foreseeable. Thus, there is no basis on which to rest a claim for breach of the implied covenant.

### III.   *CONCLUSION AND ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that defendant Regent International Corporation's motion to dismiss the third claim of Ari and Co., Inc.'s complaint herein is granted.

**SO ORDERED.**

---

1.   In addition, it is not clear from the *Fyrdman* decision whether defendant based its motion to dismiss on a claim that the breach of contract and breach of covenant were duplicative because the defendant sought dismissal of both the breach of contract and breach of the covenant claim.