■ NGR, LLC, Appellant, v GENERAL ELECTRIC COMPANY, Respondent. [807 NYS2d 105]—

In an action to recover damages on a theory of promissory estoppel, the plaintiff appeals from an order of the Supreme Court, Nassau County (Austin, J.), entered March 15, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To apply the doctrine of promissory estoppel, a plaintiff must demonstrate: (1) a clear and unambiguous promise; (2) reasonable and foreseeable reliance by the party to whom the promise is made; and (3) an injury sustained in reliance on the promise (*see Fleet Bank v Pine Knoll Corp.*, 290 AD2d 792, 797 [2002]; *Gurreri v Associates Ins. Co.*, 248 AD2d 356, 357 [1998]; *Rogers v Town of Islip*, 230 AD2d 727 [1996]). Contrary to the plaintiff's contention, the Supreme Court correctly granted the defendant's motion for summary judgment dismissing the complaint as the defendant established its freedom from liability as a matter of law. The failure of the parties' complex business negotiations

did not, under the circumstances herein, give rise to a claim for damages (*see Resurgence Asset Mgt. v Bastion Capital Fund*, 306 AD2d 336 [2003]; *Wiscovitch Assoc. v Philip Morris Cos.*, 193 AD2d 542 [1993]).

The plaintiff's remaining contentions are without merit. Adams, J.P., Crane, S. Miller and Mastro, JJ., concur.