Orders, Supreme Court, New York County (Karla Moskowitz, J.), entered July 11, 2007, which denied defendants’ motion for summary judgment dismissing the complaint, and denied in part plaintiffs’ motion to compel disclosure, unanimously modified, on the law, to grant the motion for summary judgment, and the appeal otherwise dismissed as academic, without costs. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiff seeks to enforce a two-page “preliminary contract,” drafted by its chairman, to purchase the assets of defendant Magnum, a manufacturer of luxury power yachts, from defen *484 dant Theodoli, Magnum’s president, CEO and sole stockholder, for $10 million. The preliminary contract, as translated from Italian, states that the parties “bind themselves to sign a final contract and to execute the sale within 90 days from today . . . binding themselves to create any ulterior contract, declaration and writing necessary or useful to produce the effect foreseen by the present preliminary.” At the bottom of the writing Theodoli wrote by hand “Agreed to in principal [s¿c] subject to approval by my attorney—the salary/remuneration is in exchange for 10 working days” (a clause in the typed portion of the preliminary contract called for an “emolument” of $100,000 yearly for four years). Plaintiff admits that it never received any communication from any lawyer for defendants approving the preliminary contract, but asserts that circumstances, including the preparation of a draft license agreement by defendants’ attorney, “lead[ ] to the conclusion that [defendants’] attorney approval was initially attained” within the time contemplated by the preliminary contract and that there was “never any clear indication that said approval was ever withheld” in the aftermath of the preliminary contract. Based on these circumstances, plaintiff allegedly began performance of the preliminary contract and presently seeks disclosure of communications between defendants and their attorneys.
We hold that defendants’ attorney’s approval of the preliminary contract within the stipulated 90-day period was a condition precedent to the formation of a binding contract (see Trout Acquisition Corp. v Penn Cent. Corp., 156 AD2d 298, 299 [1989]), and find that such approval was never obtained. This conclusion is reinforced by the language calling for a “final contract” and indeed the very denomination of the contract as “preliminary” (see Richbell Info. Servs. v Jupiter Partners, 309 AD2d 288, 297 [2003]). While Theodoli’s e-mails to Vitelli conveyed optimism concerning the likelihood and imminence of attorney approval, they did not suggest that approval had been obtained, and indeed persisted in the necessity of such approval. Defendants’ attorney’s preparation of a draft licence agreement, rather than an asset purchase agreement suggests, if anything, disapproval of the preliminary contract. Nor is there merit to plaintiffs other causes of action. There can be no valid claim of implied contract or promissory estoppel where the purported contract indicates a lack of intent to be bound (see Prestige Foods v Whale Sec. Co., 243 AD2d 281 [1997]; Steele v Delverde S.R.L., 242 AD2d 414, 415 [1997] [promise must be “clear and unambiguous”]), and a contract cannot be implied where there is an express contract covering the same subject matter (see Julien J. Studley, Inc. v New York News, 70 NY2d 628, 629 *485 [1987]). Nothing in the record suggests bad faith on defendants’ part. In view of the foregoing, the balance of the appeal relating to disclosure is academic. Concur—Lippman, P.J., Mazzarelli, Williams, Buckley and Renwick, JJ. [See 2007 NY Slip Op 32109(0).]