Edwards v Prime Stor. (2023 NY Slip Op 50450(U))

[*1]

Edwards v Prime Stor.

2023 NY Slip Op 50450(U)

Decided on April 20, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 20, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, GRETCHEN WALSH, JJ

2022-243 S C

Ellen Edwards, Appellant, 
against
Prime Storage, Respondent. 

Ellen Edwards, appellant pro se.
Miller & Lee, LLP (Joseph Miller of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Fifth District (Cheryl M. Helfer, J.), entered February 17, 2022. The order denied plaintiff's motion to vacate a default in appearing at an arbitration.

ORDERED that the order is reversed, without costs, plaintiff's motion to vacate a default in appearing at an arbitration is granted, and the matter is restored to the arbitration calendar on condition that plaintiff pay into court an amount equal to the total fees payable by the administrative office for the courts to the panel. 
In this small claims action, plaintiff seeks to recover the principal sum of $5,000 from defendant storage company, which allegedly auctioned plaintiff's belongings without giving plaintiff an opportunity to pay her bill. Following plaintiff's default in appearing at a January 3, 2022 arbitration and the arbitrator's dismissal of the action based on plaintiff's nonappearance, plaintiff moved by order to show cause on January 10, 2022 to vacate her default and to restore the matter to the calendar (see Rules of Chief Judge [22 NYCRR] § 28.7). In a supporting affidavit, plaintiff stated that she had previously been informed that her court date would be in February and that she had only received notice of the January 3, 2022 court date on January 7, 2022. With respect to the merits of her claim, plaintiff stated that she had stored her belongings with defendant; that she had frequently paid her storage fees late, together with late fees; and that, in a phone call, consistent with the parties' prior practice, defendant's employee had acceded to plaintiff's request to refrain from auctioning her property, provided that she paid defendant the balance owed "by Tuesday." However, upon arrival at defendant's facility that Tuesday, plaintiff learned that the contents of her storage unit had been auctioned earlier the same day. 
Defendant submitted an attorney's statement and various documents in opposition to plaintiff's motion. The District Court denied plaintiff's motion upon a finding that plaintiff had [*2]failed to demonstrate a reasonable excuse for her failure to appear, and also stated that plaintiff's denial of notice until after the scheduled date was "conclusory and belied by the fact that an order scheduling the matter down for a traverse [sic] hearing was properly mailed to the defendant's [sic] address and not returned as undeliverable." 
While the record on appeal does not disclose the occurrence of a traverse hearing in this action, in any event, the mailing and presumptive delivery of a notice of a hearing to defendant, to which the court referred, is irrelevant to a determination of whether plaintiff was sent and received notice of the arbitration. There is no record of a timely notice having been given to plaintiff prior to the arbitration (see Rules of Chief Judge [22 NYCRR] § 28.6 [b]). We thus conclude that plaintiff demonstrated good cause for her default in appearing at the arbitration (see Rules of Chief Judge [22 NYCRR] § 28.7 [a]). We further find that plaintiff's statement that defendant had promised to refrain from auctioning her property provided that she paid defendant "by Tuesday," that she relied on that promise and went to defendant's premises on Tuesday to pay the sum owed, and that as a result of defendant's earlier auction of her property she lost her possessions, demonstrated the existence of a potentially meritorious cause of action for promissory estoppel (see Rogers v Town of Islip, 230 AD2d 727, 727 [1996]). 
Since, plaintiff demonstrated both good cause for her default and a potentially meritorious cause of action, we conclude that plaintiff's motion should have been granted. However, in order for the matter to be restored to the arbitration calendar, the Rules of the Chief Judge (22 NYCRR) § 28.7 (a) requires plaintiff, as the party seeking vacatur of a default, to "pay into the court an amount equal to the total fees payable by the administrative office for the courts to the panel." 
Accordingly, the order is reversed, plaintiff's motion is granted, and the matter is remitted to the District Court for restoration to the arbitration calendar on condition that plaintiff pay into the court an amount equal to the total fees payable by the administrative office for the courts to the panel.
EMERSON, J.P., GARGUILO, and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 20, 2023